JACINTHA COSTA *vs.* LEANDRO J. COSTA.

Suffolk.　October 22, 1915. — November 24, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Partnership,* Accounting.　*Equity Jurisdiction,* For an accounting.

In a suit in equity by one partner against another for an accounting, it appeared that the plaintiff was the widow of a former member of the partnership, that under her husband's will she had acquired all his interest in the partnership and business, which was a profitable one, and that, after the plaintiff and the defendant had continued together in business for two years, the defendant without any express agreement between the parties and with the knowledge and acquiescence of the plaintiff continued to carry on the business at the same place, appropriating all the assets, collecting the accounts and paying all the liabilities, using his own name, which was very similar to the name of the former firm. A master found, on evidence warranting such a finding, that the value of the good will of the firm was $2,000. *Held,* that the plaintiff was entitled to an accounting for the profits and the partnership property, including the good will.

In the case described above, the accounts receivable extended over a number of years, some of them were worthless, some were doubtful and others were collectible. A master, after carefully investigating and reviewing the report of the plaintiff's accountant, made a reduction of twenty-five per cent from the accounts receivable as an allowance for such as were uncollectible or doubtful. *Held,* that this finding was sufficiently favorable to the defendant and that this court could not say that it was wrong.

BILL IN EQUITY, filed in the Superior Court on July 14, 1914, by the widow of and sole beneficiary under the will of Manuel Costa, who died on March 21, 1912, and was a partner in the firm of L. J. and M. Costa, against Leandro J. Costa, the surviving member of that firm, for an accounting, as described in the opinion.

The facts found by the master to whom the case was referred are stated in the opinion.

The case was heard by *Morton,* J., who made a final decree ordering that the defendant should pay to the plaintiff the sum of $13,244.49, that being the sum of $12,568.02 found to be due to the plaintiff upon the accounting with interest thereon amounting to $676.47. The defendant appealed.

*R. Gallagher,* for the defendant.

*O. Storer,* (*W. P. Mansfield* with him,) for the plaintiff.

CARROLL, J. Manuel Costa and the defendant, Leandro J. Costa, became partners in October, 1896, supplying fishing vessels with groceries and provisions. In 1905 the business of the firm included also the selling of fishing gear. Manuel died March 21, 1912. During his lifetime (he was captain of a fishing schooner), the business of the firm was in sole charge of the defendant, who drew a certain sum weekly for his services. The profits were to be equally divided.

The plaintiff is the widow of Manuel Costa. In his will she is named as the sole executrix and trustee of all his estate, with the right to convert any or all of it to her own use. The judge found on the report of the master that Mrs. Costa availed herself of this right and "converted the estate to her own use and benefit," carrying on the business with the defendant until June 1, 1914, during which time the defendant continued to manage and direct the business as he did in the lifetime of her husband.

This is a bill for an accounting. The defendant contends that the master erred (1) in finding that the defendant appropriated to himself the good will of the firm and in charging him with the plaintiff's share thereof, (2) in holding the defendant responsible for the receipts and payments as shown on the books of the firm, and (3) in his method of ascertaining the value of the accounts receivable.

1. The firm name was L. J. & M. Costa. Since June, 1914, the business has been conducted under the name of L. J. Costa. There was no express agreement between the parties for the purchase of the plaintiff's interest, but she made no objection to the defendant continuing the business, provided she was fairly compensated for her share therein. In June, 1914, the defendant withdrew from the bank the deposit of the firm and mingled it in a common fund with the income of his own business and with that derived from accounts due June 1. Before December 1, 1914, the defendant gave no statement to the plaintiff showing the condition of the business as of June 1, 1914. The plaintiff has made no attempt to start a competing concern nor to divert the trade elsewhere. The master finds that the name of Costa was identified with the business, that it was a paying enterprise, that the defendant has continued it where the firm was located for

many years, appropriating all its assets, collecting the accounts, paying the liabilities, and that he has done these things with the knowledge of the plaintiff. The master has found the value of the good will of the business to be $2,000. We think the facts fully warrant this conclusion. The good will of a going concern is one of its assets, and when one of the partners has appropriated it to his own use, he is liable for it, as he is liable for any other property so appropriated. *Hutchins* v. *Page,* 204 Mass. 284. The fact that the defendant, after the dissolution of the firm, continued the business in the name of L. J. Costa, and not in the name of L. J. & M. Costa, does not deprive the plaintiff of the right to be paid for the good will. The defendant has taken possession of the accounts, the money, in fact of all the assets of the partnership, and is carrying on the business at the former location under a name very similar to the name of the former firm, relying on its former customers for patronage, collecting its debts, paying its liabilities, mingling in one common fund its money and his own, and conducting it as though he were in fact the purchaser. The plaintiff acquiesced in this, expecting to be paid her proportionate share, but, as the master says, "This they have never been able to agree upon, as they could never agree as to whether or not the gear business was part of the partnership business." These considerations distinguish the case at bar from *Hutchinson* v. *Nay,* 183 Mass. 355, and justify the master in holding the defendant chargeable with a share of the good will. *Moore* v. *Rawson,* 185 Mass. 264.

2. While it is found that the defendant and his bookkeeper were honest and there was no attempt by either of them to defraud the partnership or the plaintiff, the books and funds of the firm were exclusively in the control of the defendant and his employees. The master was right in finding that "It was his duty to keep an accurate account of the partnership transactions, and in so far as there has been a failure so to do, the respondent must . . . bear the consequences." He further finds that the defendant consented to the mingling of his own funds with the funds of the firm, and that "No account was kept which would enable any one to determine how much of such fund belonged to the partnership and how much to the respondent, except upon the theory that the partnership books were accurately kept." "As

the master has made the best finding that he can from the books and accounts, and as the defendant is responsible for the way in which the books were kept and for their present condition, and as he fails to show that the finding of the master is erroneous, this exception is overruled." *Hutchins* v. *Page,* 204 Mass. 284, 288.

3. The accounts receivable extended over several years. Some of them were worthless, some doubtful, and others collectible. The master had to pass upon their value, and after carefully investigating them and reviewing the report of the plaintiff's accountant, he decided to make a reduction of twenty-five per cent from the accounts receivable as an allowance for such as were doubtful or uncollectible. This was a finding sufficiently favorable to the defendant, and we cannot say that it was wrong.

*Decree affirmed.*