EDNA M. KENNEDY,

*vs.*

CLARENCE E. YOST,

*New Castle, May 6, 1952.*

*H. Eugene Savery,* for plaintiff.

*Herbert H. Ward, Jr.,* for defendant.

BRAMHALL, Vice Chancellor: In September of 1949 plaintiff and defendant entered into an oral partnership agreement relative to the operation of a restaurant in Rehoboth Beach, the partnership to become effective on May 1, 1950. According to the testimony of plaintiff, defendant was to furnish the location and provide certain equipment then installed in the building. Each partner agreed to contribute $1,000. Plaintiff was to have charge of the operation of the business; defendant was to look after the books and largely the cash register. Defendant was to receive as rent for the premises and equipment 3% of the gross receipts; plaintiff was to receive for her services in managing the restaurant 7% of the gross receipts. All profits, if any, were to be divided equally between the partners. The partnership arrangement continued until the late spring of 1951, when it was terminated.

The testimony of defendant was to the effect that there was no understanding that the defendant was to receive 3% of the gross receipts as rent or that the plaintiff was to receive 7% of the gross receipts for her services. Defendant testified that he was to furnish the building and equipment then installed and look after the receipts of the restaurant and pay the bills, while the plaintiff was to assume the management of the restaurant. All profits, if any, were to be divided equally.

Defendant's contribution of $1,000 was made in several payments. Plaintiff contends that she put $1,400 in the business when she opened up in January of 1950. However, it is disputed that this amount went into the partnership.

Plaintiff desired to open the restaurant on January 1, 1950. Defendant agreed to permit her to do so, providing that the partnership agreement would not go into effect until May 1, 1950. Defendant agreed for plaintiff to use the

restaurant with its equipment without any charge for the rental thereof. He also made some other concessions which are not important here.

After the institution of these proceedings, plaintiff and defendant agreed that an audit might be made by an accountant. The audit made was based upon the contention of defendant as to understanding between the parties and without consulting plaintiff, plaintiff not being readily available. Because the records were incomplete, certain estimates of defendant were accepted by the accountant, which are here disputed. Plaintiff refuses to accept the audit of the accountant as accurate or complete on the grounds: (1) certain items were based on estimates of the defendant, to which plaintiff does not agree; (2) the contention of the plaintiff as to the terms of the partnership was not accepted by the accountant; (3) the plaintiff objected to certain items of depreciation, amounting to $1,183.36; (4) that since the defendant is continuing to operate the business himself and using the name "Kenyo", the accountant should have considered the value of the good will of the business and the partnership name.

Defendant accepts the audit as rendered by the accountant, asserting that the estimates of the defendant to which objection is made are true and correct; that defendant's contention as to the terms of the partnership agreement are correct; that the items of depreciation are proper items and should be deducted from the profits of the partnership and that there is no value to the good will or name of the partnership.

The primary question is: What was the understanding between the parties relative to the division of profits? Plaintiff's testimony relative to the gross percentages for rent and management is corroborated by the testimony of her sister. This is flatly denied by defendant. I find that the testimony is hopelessly conflicting and cannot be reconciled. I am therefore compelled, in reaching my conclusion, to rely

largely upon the undisputed facts or admissions as well as the conflicting testimony. See *Kehnast v. Kehnast, ante p.* 298, 85 *A.* 2d 357.

The partnership was in operation for a period of approximately one year. As the operation progressed plaintiff apparently assumed the responsibility for the management of the preparation and service of the food and the supervision of the employees. Defendant kept the books, looked after the cash register receipts, paid all bills, and did the major part of purchasing food and supplies. Defendant also furnished the location for the restaurant, together with the use of all equipment therein, and made extensive alterations and improvements to make it a place attractive to customers. A number of withdrawals were made by both plaintiff and defendant in equal amounts at the same time, with the exception of one withdrawal of plaintiff in October of 1950, at which time, according to the testimony of plaintiff, there was not sufficient money to permit defendant to make a withdrawal. This last withdrawal of the plaintiff, at the request of defendant, was returned by plaintiff in December of 1950 or January of 1951.

The partnership books contain no entries which corroborate plaintiff's contention. It is also significant that all withdrawals by plaintiff and defendant, except the last withdrawal of the plaintiff, which was later returned, were in equal amounts. Plaintiff knew of the withdrawals by defendant. She admits that at no time prior to the institution of this action did she ever request defendant to pay the 7% commission which she claims to be due her. If plaintiff's testimony as to the allowance for rent to the defendant and management to her is to be accepted, the amounts withdrawn by the defendant would have been less than half of the amount withdrawn by the plaintiff. It is difficult to understand, therefore, why plaintiff never at any time objected to the amount of the withdrawals by defendant or demanded her commission. The fact that plaintiff later returned her last withdrawal of $200 is explainable under no other theory

than that the parties were equal partners and entitled to make withdrawals in equal amounts.

I must therefore conclude that in the operation of the business there was no agreement or understanding between the partners relative to a percentage of gross sales for either rent or management.

Plaintiff objects to the items of depreciation allowed by the accountant, amounting to $1,183.36. This figure may be broken down into two parts: (1) depreciation on partnership property, and, (2) depreciation on property in which the use thereof only was furnished by defendant as a part of his contribution to the partnership.

As to the depreciation of partnership property there can be no question but that this item is allowable. The property upon which the depreciation was taken was a part of the assets of the partnership and would naturally deteriorate in its use by the partnership. These items, amounting to $51.09, will be allowed.

As to the property of the defendant, in which a depreciation was allowed, this question involves a determination as to whether or not the property was actually contributed to and became a partnership or whether or not its use alone was contributed. If the defendant contributed merely the use of the property to the partnership, the partnership may not take credit for its depreciation. There is a risk or incident which attaches to his property, and which, it will be presumed, was considered by defendant when he entered the contract of partnership. *Tutt v. Land*, 50 *Ga.* 339.

The restaurant operated by the partnership was located in a building belonging to defendant. There was also located on the premises certain equipment used in the operation of the restaurant. There is no evidence that either the building or the equipment was ever transferred to the partnership and it is apparently not contended by the plaintiff that either was an asset of the partnership. Any deterioration either in

the building or in the equipment therefore constituted a loss to property belonging to the defendant. Since the defendant and not the partnership was the owner of the property, it cannot be considered as an asset of the partnership and any depreciation thereon may not be allowable as a loss to the partnership. The depreciation to the property of the defendant will therefore not be considered in this accounting.

Plaintiff further objects to the failure of the accountant to place a value upon the good will and the partnership name of "Kenyo." As far as the books of the partnership are concerned, no value thereon is placed upon these items. No evidence was offered by plaintiff to show that they had any value. The only testimony in this respect was the testimony of the accountant; to the effect that good will had no monetary value when a business is not making a profit.

██ In the absence of an agreement to the contrary, the appropriation by a partner of partnership good will raises an obligation to account for its value. *Whitman v. Jones,* 322 *Mass.* 340, 77 *N.E.2d* 315; *Miller v. Hall,* 65 *Cal.App.2d* 200, 150 *P.2d* 287. An injunction may lie against such appropriation. *Bininger v. Clark,* 60 *Barb.* (*N.Y.*), 113.

██ However, the action in this case is merely for an accounting as to the value of the good will, and, since plaintiff has offered no evidence to show that value and since all the surrounding circumstances plainly indicate that the good will had little or no substantial value, I am unable to place any valuation thereon. See *Farwell v. Huling,* 132 *Ill.* 112, 23 *N.E.* 438.

██ Practically the same situation exists in the case of the partnership name. In the absence of any agreement to the contrary, each partner is equally entitled, upon the dissolution of the partnership, to the value of the partnership name and to the use thereof to the extent that he will not subject any former partner to liability for debts. *Lathrop v. Lathrop,* 47 *How.Pr.* (*N.Y.*) 532.

██ The partnership name is ordinarily an element

of its good will and like good will is a firm asset. *Wright Restaurant Co. v. Seattle Restaurant Co.*, 67 *Wash.* 690, 122 *P.* 348. However, since no evidence is offered to show that the partnership name has any value and since all the circumstances point to the contrary, no value can be placed upon it in this case.

The audit of the accountant shows a loss to the partnership in the sum of $2,134.22. However, this figure includes depreciation on the property of the defendant which was used by the partnership and which is not allowed here. Deducting this item of $1,132.27 leaves a net loss to the partnership in the sum of $1,001.95. The audit covers the period of time during which the partnership was actually in operation; it does not attempt to cover any period subsequent to the dissolution of the partnership. No objection was made by plaintiff to the failure of the audit of the partnership books to cover any period subsequent to the dissolution of the partnership and this question was not raised at the trial. I shall therefore assume that plaintiff is making no claim in this respect. The audit of the accountant for the period of the operation of the partnership shows a loss. While a consideration of the exceptions taken by the plaintiff to the account of the auditor has considerably reduced this net loss, there is even now no profit remaining in the partnership assets for which either the partnership or the defendant may be held to an accounting. The complaint must therefore be dismissed.

An order will be entered on notice in accordance with this opinion.