CARLOS M. FISHER *vs.* ALLEN E. FISHER & others.

Plymouth. November 2, 1965. — December 6, 1965.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Partnership,* Dissolution, Accounting. *Equity Jurisdiction,* Plaintiff's clean hands.

Failure of a partner to properly account to the partnership for money received by him did not bar him by reason of unclean hands or otherwise from maintaining a suit in equity for dissolution of the partnership and a partnership accounting; and he was entitled to maintain it where the other partners, instead of seeking a judicial dissolution of the partnership by reason of his conduct, wrongfully ousted him from the partnership and divided his interest therein among themselves. [677, 678]

Nothing in a partnership agreement or in G. L. c. 108A, the Uniform Partnership Act, supported an implication that a breach of the agreement by a partner was equivalent to his withdrawal from the partnership. [677]

Where, upon failure of a partner to properly account to the partnership for money received by him, the other partners improperly ousted him from the partnership and divided his interest therein among themselves, and he brought a suit in equity for dissolution of the partnership and a partnership accounting, justice to the other partners required that the dissolution and the accounting be as of the date of such ouster. [678]

BILL IN EQUITY filed in the Superior Court on October 25, 1961.

The plaintiff appealed from interlocutory decrees and a final decree entered after hearing by *Dewing, J.*

*Frank L. Kozol (Charles G. Kadison, Jr.,* with him) for the plaintiff.

*Walter G. Cogan* for the defendants.

SPIEGEL, J. This is a bill in equity for dissolution of a partnership and a partnership accounting. The defendants filed a counterclaim for breach of the partnership agreement. The case was referred to a master. The plaintiff filed objections (treated as exceptions) to the master's report. An interlocutory decree was entered overruling the plaintiff's exceptions and confirming the master's report, from which decree the plaintiff appealed.

After this interlocutory decree was entered the plaintiff moved to have the report recommitted to the master. Another interlocutory decree was entered recommitting the report to the master "for the sole purpose of determining the amount of the complainant's share of the profits from October 1, 1962." The plaintiff appealed from this decree "only in so far as said Decree failed to recommit to the master the issue of the amount of the Plaintiff's drawing account from January 1, 1963, to the date of the master's additional report." The master filed a supplementary report to which the plaintiff filed objections.

No decree was entered regarding the objections or the confirmation of the master's supplementary report. A final decree was entered dismissing the plaintiff's bill from which the plaintiff appealed.

The master found the following facts.

In 1897 George E. Fisher established George E. Fisher & Co. Over a period of years, from 1919 to around 1930, he took into his business as partners his brother Carlos (plaintiff) and sons Allen, George Ellis, and Donald (defendants). When George E. Fisher died, his widow was taken in as a nominal partner until her death in 1956.

The parties operated under ten year term partnership agreements covering business in insurance, real estate and mortgage loans. However, their last agreement, made in 1960, covered only insurance business. Under the 1960 agreement the plaintiff was to work half time and to draw $65 per week plus an auto allowance, life insurance premiums, and one quarter of the net profits. Provision was made for the payment of specified sums on death or withdrawal of a partner. All of the agreements required each partner to contribute to the partnership fifteen per cent of all fees and commissions received for acting in any fiduciary capacity. In April of 1961 the defendants discovered that Carlos had been receiving moneys for which he failed to properly account to the partnership. An accountant's report showed that the plaintiff owed about $380 to the partnership for money received after execution of the 1960

partnership agreement and several thousand dollars for money received on earlier dates. The defendants suspended the plaintiff from the partnership as of May 1, 1961, and stopped his drawing account, auto allowance, and insurance premiums. The plaintiff wrote a letter protesting the stopping of his drawing account and claiming his rights as a partner. On June 23, 1961, the plaintiff was notified that he was "permanently suspended" from the partnership because of his failure to account to the partnership. In October, 1961, he brought this bill for a partnership accounting.

The master also found that if Carlos was wrongfully excluded from the partnership, he was entitled to $34,469.51 on liquidation, and he should be charged for $4,983.03 withheld from the firm. On recommittal on the issue of the plaintiff's share of the profits after October 1, 1962, the master found the plaintiff's share to be $4,682.80.

The plaintiff contends that he is not barred from maintaining this suit by his conduct toward the partnership. "The doctrine of clean hands is not one of absolutes. It is to be so applied as to accomplish its purpose." *MacCormac* v. *Flynn,* 313 Mass. 547, 550. Its purpose is to prevent a party from benefiting by his dishonesty. In the instant case the plaintiff's claims do not arise out of his improper conduct. "A partner does not lose his rights in the accrued profits of a firm by reason of breaches of the partnership articles, whether or not committed in bad faith, although of course he will be subject to charges for all unexcused breaches in the final accounting." *Walsh* v. *Atlantic Research Associates, Inc.* 321 Mass. 57, 64. See *Harvey* v. *Varney,* 104 Mass. 436, 444.

The defendants argue that by his actions the plaintiff withdrew from the partnership and the provisions of the partnership agreement on withdrawal govern him. There is no provision in the agreement or in the Uniform Partnership Act that a breach is equivalent to withdrawal from the partnership, and we will not imply one. This bill cannot be construed as a withdrawal, since the plaintiff had already been excluded from the partnership.

The plaintiff's failure to properly account to the partnership for moneys received by him constituted a breach of the agreement. This breach furnished grounds for the defendants to seek a decree of dissolution of the partnership under the provisions of G. L. c. 108A, § 32 (1) (d).[1] Instead of following the procedure under the statute and without any provision in the agreement authorizing what the defendants called a "permanent suspension," they ousted the plaintiff from the partnership and divided his interest in the partnership among themselves. This wrongful action furnished the plaintiff with grounds to obtain dissolution under the same provisions of the statute.

We believe that in justice to the defendants they should not be required to continue to pay the plaintiff moneys beyond June 23, 1961, the date the plaintiff was notified in writing that he was suspended from the partnership because of his failure to account to the partnership. Equity and the furtherance of justice (see G. L. c. 211, § 3) require that the partnership be dissolved as of June 23, 1961. Such a decree may be entered nunc pro tunc. G. L. c. 235, § 4.

It follows, therefore, that the plaintiff is entitled to receive from the partnership such sums as may be determined to be due him if the partnership had been dissolved as of June 23, 1961, in accordance with the provisions of G. L. c. 108A, § 38, with interest from that date.

The master's finding of damages to the plaintiff includes items not due to the plaintiff as of June 23, 1961. The master's supplementary report likewise is based on items arising after that date. The trial judge is to determine to what extent the master's report is to be set aside.

The interlocutory and final decrees are reversed and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

*So ordered.*

---

[1] "On application by or for a partner the court shall decree a dissolution whenever: . . . (d) A partner wilfully or persistently commits a breach of the partnership agreement, or otherwise so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business in partnership with him."