Carlos M. Fisher *vs.* Allen E. Fisher & others.

Plymouth.    March 10, 1967. — June 6, 1967.

Present: Wilkins, C.J., Whittemore, Cutter, Spiegel, & Reardon, JJ.

*Partnership,* Accounting, Breach of partnership agreement. *Value. Good Will. Equity Pleading and Practice,* Proceedings after rescript.

After rescript from this court in a suit in equity, the disposition of a motion to amend the answer and counterclaim was within the discretion of the trial court.    [594]

Where a partner substantially breached the partnership agreement and the other partners improperly ousted him from the partnership and divided his interest therein among themselves and a dissolution of the partnership and a partnership accounting as of the date of such ouster followed, the ousted partner was not entitled to damages based on his expected earnings from the partnership after its dissolution [595]; but he was entitled to his share of the value of the good will and tangible assets of the partnership as of the date of dissolution.    [596]

In a suit in equity for an accounting between the plaintiff and the defendants as of the date of the dissolution of their partnership in an insurance agency business, there was no merit in a contention by the defendants that an accountant testifying as an expert witness as to the value of the good will of the business "as of" that date was precluded from considering gross commissions earned after that date.    [595–596]

Where a partnership agreement for an insurance agency business provided specifically that fifteen percent of all fees received by a partner for

acting "in any fiduciary capacity" should be contributed to the partnership, it could reasonably be found to be an implied term of the agreement that likewise fifteen percent of certain appraisal and real estate fees collected by a partner should be allocated to the partnership, but there was no merit in a contention that one hundred percent of the appraisal and real estate fees must be allocated to the partnership. [596–597]

At a hearing in a suit in equity following a rescript from this court ordering dissolution of a partnership between the plaintiff and the defendants and the taking of evidence for an accounting between them, "uncontradicted testimony" of a witness before a judge as to the amount which the plaintiff owed the partnership was not inadmissible in that such testimony was based on only a part of the evidence from which a master had determined that issue in a report filed prior to the appeal to this court, and the trial judge was entitled to accept the witness's figure. [597]

BILL IN EQUITY filed in the Superior Court on October 25, 1961.

After the decision of this court reported in 349 Mass. 675, the suit was heard by *Cahill*, J. The defendants appealed from an interlocutory decree and a final decree.

*Walter G. Cogan* for the defendants.

*Joel A. Kozol* for the plaintiff.

SPIEGEL, J. This is a bill in equity seeking liquidation of a partnership and for an accounting. We remanded the case when it was here before, ordering that a decree be entered dissolving the partnership as of June 23, 1961, and that a determination be made of such sums as may be due the plaintiff if the partnership had been dissolved as of that date. *Fisher* v. *Fisher,* 349 Mass. 675, 678.

Upon remand an interlocutory decree was entered dissolving the partnership as of June 23, 1961. The defendants moved to amend their answer and counterclaim and to set aside certain findings in the master's report. A hearing was held during which the defendants objected to certain testimony. The testimony was admitted de bene after which the trial judge denied their motion to strike. He also denied their motion to amend and to set aside the master's findings. The judge made "Further Findings and Order after Rescript" and a final decree was entered confirming the master's report "except as to any findings

Fisher *v.* Fisher.

in that Report as are inconsistent with this Court's determination of damages in favor of the plaintiff, as of June 23, 1961, and all such inconsistent findings are hereby set aside." The final decree also dissolved the partnership as of June 23, 1961, and ordered the defendants to pay the plaintiff the sum of $59,801.99.

The defendants appealed from the interlocutory decree denying their motions and from the final decree.

1. The defendants argue their "right to amend is one which exists until final judgment . . . and . . . [such a motion] may be allowed after rescript," and cite G. L. c. 231, §§ 51, 144. But the granting of such amendments is clearly within the discretion of the trial judge. There was no error.

2. Reciting our statement that "the plaintiff is entitled to receive from the partnership such sums as may be determined to be due him if the partnership had been dissolved as of June 23, 1961, in accordance with the provisions of G. L. c. 108A, § 38," the judge found "said damages under G. L. c. 108A, § 38, on June 23, 1961" to consist of (1) the plaintiff's share of good will as determined by the master,[1] (2) the value of the plaintiff's interest in the tangible assets,[2] and (3) damages for breach of the partnership agreement.[3] This third figure was arrived at by discounting the plaintiff's annual salary over his life expectancy.[4]

The plaintiff purports to rely on the language in the prior opinion which characterized the action of the defendants in excluding the plaintiff as "wrongful" and as furnishing "the plaintiff with grounds to obtain dissolution under the same provisions of the statute." *Fisher* v.

---

[1] $15,289.01

[2] $8,611.27

[3] $29,558.02

[4] We see no merit in the defendants' contention that the accounting should consider the provisions of the partnership agreement (e.g. the cash value of certain insurance policies on the lives of the partners). By the terms of the agreement the provisions contained therein were applicable only in the event of the "death, resignation or withdrawal" of a partner.

*Fisher, supra,* 678. The plaintiff points to this aspect of the defendants' action and urges that our prior opinion "directs" that damages for the breach of the agreement include an amount based on the plaintiff's expected future earnings. But our prior opinion contains no such direction.

It should be recalled that the failure of the plaintiff to account to the partnership was itself a ground upon which the defendants could have sought dissolution of the partnership. In citing *Walsh* v. *Atlantic Research Associates, Inc.* 321 Mass. 57, 64, we noted that "A partner does not lose his rights in the accrued profits of a firm by reason of breaches of the partnership articles, whether or not committed in bad faith, *although of course he will be subject to charges for all unexcused breaches in the final accounting*" (emphasis supplied). We agree with the Supreme Court of New York that "if plaintiff himself essentially breached the agreement, he can claim only what was his at the time of his expulsion. . . . [E]ven assuming that defendants should have resorted to a court and 'not have taken the law into their own hands' . . . it does not follow that plaintiff, if he himself substantially breached the agreement, can recover damages or profits to which he would otherwise be entitled." *Schnitzer* v. *Josephthal,* 122 Misc. (N. Y.) 15, 16–17, affd. 208 App. Div. (N. Y.) 769. The plaintiff should not have been awarded damages based on his expected earnings from the partnership.

3. The judge awarded to the plaintiff one fourth the value of the good will of the partnership, as found by the master. In the hearing after rescript the testimony of an accountant as to "the value of . . . [the plaintiff's] interest" in the partnership was admitted de bene. The defendants excepted to the refusal of the judge to strike that testimony. They argue that the amount of the plaintiff's share of the good will "was obtained from no evidentiary source" by the accountant. But he testified that the figure to which the defendants object "represents one-quarter of the gross commissions of 1961." He computed the gross commissions from an audit of the books and records of the

partnership. Another witness had testified that the value of the good will of an insurance agency such as this partnership would be anywhere "from 1 to 3" times the annual commissions of the agency. Thus, there is no merit in the defendants' exception to this testimony.

Nor does it matter that the 1961 annual commissions were capitalized to compute the good will of the partnership rather than the commissions for a period prior to the date of dissolution. Even though the amount due the plaintiff was limited to the value of his interest as of the date of dissolution the expert witness was not precluded from basing his calculations on commissions earned after that date. The expert witness testified as to the value of the partnership "as of June 23, 1961." We cannot say that he could not take into account all of the information available, including the figure for gross premiums for 1961.

The defendants also argue that "[T]he matter of the value of the good will of the partnership was immaterial and should not have been admitted into evidence." We do not agree. The plaintiff was entitled to an allowance for good will. *Hutchins* v. *Page,* 204 Mass. 284, 288. *Whitman* v. *Jones,* 322 Mass. 340, 343.

The witness also testified that fifteen per cent of certain appraisal and real estate fees was due from the plaintiff to the partnership. The partnership agreement specified that fifteen per cent of "all fees or commissions received for individual appointments of any of said partners as executor, administrator, agent or in any fiduciary capacity" should be contributed to the partnership "which shall be construed as reimbursement for office expenses." The agreement also states that "the . . . parties agree to become and remain partners *in [the] insurance business"* and that "[a]ll monies which shall from time to time be received for or on account of said partnership . . . shall be deposited in . . . banks . . . in the name of the partnership" (emphasis supplied).

The defendants argue that the appraisal and real estate fees "were payable to the partnership at 100 per cent. The

only items payable by the individual partners to the partnership to which the 15 per cent applied were any fiduciary fees received by the partners." We do not agree.

From the partnership agreement it appears that the purpose of the partnership was to conduct an insurance agency business. Real estate is not mentioned. Nor does it appear that the appraisal and real estate fees were collected by the plaintiff for the account of the partnership. The allocation of fifteen per cent of such fees to the partnership could reasonably have been found to be an implied term of the agreement, based on the explicit provision to that effect in the case of fiduciary fees. There was no error in allocating fifteen per cent rather than one hundred per cent of such fees to the partnership.

The defendants also argue that the testimony of this witness was inadmissible because "[i]n substance . . . [it] was obtained by the accountant from copies of the income-tax returns of the plaintiff. . . . The items contained in the . . . [returns] were admittedly only a part of the evidence from which the master obtained evidence of the amount due from . . . [the plaintiff] to the partnership."

The judge stated in his "Further Findings and Order after Rescript" that this witness's "uncontradicted testimony is that 'there would be a net underpayment or a net balance due the . . . [company] from . . . [the plaintiff] of $288.64' and the Court so finds." The judge was not bound to accept the prior master's report on the issue of the amount due from the plaintiff. The purpose of the hearing after the rescript was for the presentation of evidence in regard to an accounting. The defendants also had the right to introduce evidence and cannot now complain if the only evidence introduced on that issue was unfavorable to them. Obviously, the possibility that evidence more favorable to the defendants could be introduced did not make this testimony inadmissible.

4. The remainder of the defendants' appeal is concerned with their efforts to "set aside" certain portions of the master's report and the testimony at the hearing after re-

script which allegedly relate to "periods of time subsequent to June 23, 1961." We have examined the portions of the record referred to by the defendants and we are satisfied that the judge's rulings and final decree were not improperly based on evidence relating to the period beyond June 23, 1961, except for the item relating to damages.

5. The interlocutory and final decrees are to be modified in accordance with the foregoing so that the total amount which the plaintiff is entitled to recover is $30,243.97[5] and as so modified, they are affirmed.

*So ordered.*

---

[5] This sum is computed by subtracting from the sum of $59,801.99 (awarded in the final decree), the sum of $29,558.02 (included in the foregoing figure as damages).