CHESTER V. LAWSON *vs.* ROBERT H. SHINE. March 30, 1973. The defendant has appealed (A) from a final decree of the Superior Court ordering him to pay the plaintiff one half of the profits (less deductions for the plaintiff's withdrawals) and one half of the value of the good will of an oral partnership in a real estate business which was terminable at the will of either party and which was effectively dissolved on November 24, 1967, when the defendant locked the plaintiff out of the partnership premises and precluded him from any further participation in the business, and (B) from interlocutory decrees denying his motions (filed three years after the order confirming the master's report and from which no appeal was taken) [i] to vacate the order confirming the report, [ii] to strike the report, and [iii] to recommit the report. As none of the reasons assigned in support of the motions has been argued in the defendant's brief, we treat the appeals from the interlocutory decrees as waived (Rule 1:13 of the Supreme Judicial Court, 351 Mass. 738; Rule 1:13 of the Appeals Court), affirm those decrees, and confine ourselves to the points open on the appeal from the final decree and fairly argued. 1. The master (as also the court) was excused by the agreement of the parties with respect to the "net profits of the partnership from commissions due on sales" from making any subsidiary findings as to the income, expenses or

liabilities of the partnership. 2. For all that appears, there was ample evidence before the master to support his findings as to the existence and value of the partnership good will appropriated by the defendant at the time of dissolution (see *Whitman* v. *Jones,* 322 Mass. 340, 342-343; cf. *Murray* v. *Bateman,* 315 Mass. 113, 114-116); there was no error in ordering the defendant to pay the plaintiff half that value. *Fisher* v. *Fisher,* 352 Mass. 592, 596, and cases cited. 3. It does not appear that there was any evidence before the master on which to base a finding on the subject matter of the defendant's counterclaim. The final decree is modified by including therein a provision dismissing the counterclaim, and by striking out paragraph five and inserting in place thereof a determination that the partnership was dissolved effective November 24, 1967 (*Johnson* v. *Kennedy,* 350 Mass. 294, 298).

> *Interlocutory decrees affirmed.*
> *Final decree (as modified) affirmed*
> *with costs of appeal.*

*John J. Murphy* for the defendant.
*Augustus P. Vitali* for the plaintiff.