PAUL J. GILL & another *vs.* HINGHAM INSTITUTION FOR SAVINGS. January 8, 1975. This is a bill in equity to set aside a foreclosure by the defendant pursuant to the power of sale contained in a mortgage of real estate given by the plaintiffs to the defendant, on the ground that the sale was not properly conducted. The case was referred to a master. The report of the master was confirmed, and thus his findings of fact must stand as they are not "inconsistent, contradictory or plainly wrong." *Blanchette* v. *Blanchette,* 362 Mass. 518, 521 (1972). *Selectmen of Hatfield* v. *Garvey,* 362 Mass. 821, 825 (1973). The plaintiffs appealed from the final decree dismissing the bill and awarding damages to the defendant under its counterclaim. The plaintiffs rely on *Union Mkt. Natl. Bank* v. *Derderian,* 318 Mass. 578, 581-583 (1945), submitting as the sole issue that the mortgagee, as in the *Union Mkt.* case, violated its duties to the mortgagor in the conduct of the sale so as to "chill" the bidding. The plaintiffs are not aided by the *Union Mkt.* case, as the factual situation in that case only remotely resembles that of the present case. The master found that the plaintiffs were not present at the sale and that there was neither wrongful conduct nor bad faith on the part of the defendant. There is nothing in the master's report which gives any support to the plaintiffs' contention. See *Chartrand* v. *Newton Trust Co.* 296 Mass. 317, 318-322 (1936). The plaintiffs' appeals from interlocutory decrees denying their motion to recommit the master's report and confirming the report are not argued and are therefore deemed waived. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972). *Lawson* v. *Shine,* 1 Mass. App. Ct. 814 (1973).

*Interlocutory decrees affirmed.*
*Final decree affirmed.*

*David F. Whelan* for the plaintiffs.

*Charles R. Parrott (Michael R. Coppock* with him) for the defendant.