van Gestel, J.
Neither side is wholly satisfied with this Court’s Memorandum and Order on Cross Motions for Summary Judgment entered on January 3, 2005 (18 Mass. L. Rptr. 593). The defendants have moved for clarification, see Paper #17, and the plaintiff, BPR Group Limited Partnership (“BPR”), has moved for reconsideration, see Paper #18.
DISCUSSION
In its January 3, 2005, memorandum this Court attempted to sort out the relationship between the parties after BPR’s December 22, 2003, written notice “that, pursuant to Massachusetts General Laws Chapter 108A, Sec. 31(l)(b)” each of three particular joint ventures “is hereby dissolved.”
The Court concluded that this action by BPR was sufficient to dissolve the three joint ventures. The Court further read Sections 4 and 11 of each of the joint venture agreements as providing sufficiently definite terms as to how the agreements are to be dissolved to make the agreements not “at will.” The consequence of this reading means that, although BPR had a right to terminate the joint ventures, the termination was in breach of the agreements and could subject BPR to claims for damages by the remaining members. See G.L.c. 108A, Sec. 31(2).
The complaint by BPR, in essence, asked this Court to issue a judicial declaration as to BPR’s rights and a decree of dissolution pursuant to G.L.c. 108A, Sec. 32(l)(f). The Court noted in its January 3, 2005, memorandum that Sec. 32(l)(f) permitted a decree of judicial dissolution only after a factual hearing at which grounds that would make dissolution equitable were presented and that that was not the situation then before this Court. Consequently, the Court made the following statement which, on reflection, may have created some confusion. The statement appears on p. 8 of the memorandum and reads: “In so doing, the Court does not intend to prevent BPR from seeking a decree of dissolution pursuant to G.L.c. 108A, Secs. 32(l)(c), (d) or (f).”
What the Court was attempting to do was to make clear that it was not acting on BPR’s request for a judicial dissolution because that was not before it; and to preserve BPR’s rights, if it had any, to seek a factual hearing at which grounds could be presented that would make possible a judicial dissolution. This situation, however, can only occur if the Court changes its mind on the nature of the joint ventures or an appellate court overrules the Court’s decision.
BPR’s motion for reconsideration may be its first step as a precursor to seeking a factual hearing justifying a judicial dissolution. The defendants’ motion for clarification of the Court’s J anuary 3, 2005, memorandum is in essence their statement that there can be no judicial dissolution now because dissolution already has occurred by BPR’s action on December 22, 2003.
ORDER
This Court has considered BPR’s motion for reconsideration and concludes that it should be DENIED.
Further, in response to the defendants’ motion for clarification, the Court will go no further than to say that as matters presently stand — because of the unchanged January 3, 2005 decision — the three joint ventures were dissolved by BPR pursuant to G.L.c. 108A, Sec. 31(2) on December 22, 2003, in a manner that was in contravention to the joint venture agreements.