van Gestel, Allan, J.
This matter is before the Court on the Defendants’ Motion for Partial Summary Judgment Paper #26. By the motion, the defendants seek dismissal of all Prayers of the complaint and the granting of Prayer 1 of their counterclaim.
BACKGROUND
Involved are three essentially identical joint venture agreements executed in 1980 and 1981. The agreements were formed for the principal purpose of acquiring, operating and developing property located at 135-145 and 175 Ward Street, and 315 Charger Street in Revere, Massachusetts.
Although different at the beginning, for all purposes relevant to this case there are four joint venturers in each venture, as follows: the plaintiff, BPR Group Limited Partnership (“BPR”); and the defendants Richard K. Bendetson (“Bendetson”), Carson Revere, LLC (“Carson”) and CDE Revere, LLC (“CDE”). Each of the four current joint venturers has a 25% ownership interest in each of the three joint ventures.
There has been a falling out between BPR and Bendetson. The falling out, however, does not relate to any failure by Bendetson to perform his obligations under any of the three joint venture agreements. Nevertheless, on December 22, 2003, BPR served written notice on the remaining three Members of each joint venture “that, pursuant to Massachusetts Gen *685 eral Laws Chapter 108A, Sec. 31(l)(b)” the particular joint venture “is hereby dissolved.”
Bendetson, Carson and CDE then pointed to Section 11 of the respective joint venture agreements and the fact that none of the four events of termination have occurred. Consequently, they declined to proceed with the asserted dissolution and consequent winding up of the joint ventures.
BPR’s complaint was filed on January 13, 2004. It contains three counts, seeking: declaratory relief to the effect that each of the three joint ventures is dissolved pursuant to G.L.c. 108A, Sec. 31 (l)(b); the issuance of decrees of dissolution pursuant to G.L.c. 108A, Sec. 32(l)(f); orders that the defendants wind up the three joint ventures pursuant to G.L.c. 108A, Sec. 37; and for accountings from the defendants pursuant to G.L.c. 108A, Sec. 43.
The defendants’ counterclaim contains two counts. Count One asserts that BPR’s dissolution of the three joint ventures was wrongful and in contravention of the agreements and seeks to continue the joint ventures without BPR. Count Two charges that BPR has brought this case solely for the purpose of harassing and injuring Bendetson.
On January 3, 2005, on prior cross motions for summary judgment, this Court entered the following Order [18 Mass. L. Rptr. 593):
[T]he defendants’ motion for summary judgment (Paper #8), is ALLOWED, but only with regard to Prayer a. of the complaint as related to Counts I, II and III, and otherwise is DENIED; and the motion of the plaintiff, BPR Group, for summary judgment is DENIED, without prejudice to refiling pursuant to G.L.c. 108A, secs. 32(l)(c), (d) or (f) if a sufficient record can be assembled.
The foregoing Order had the effect of approving Prayer a, which sought a declaration that each of the three joint ventures was dissolved.
On February 15, 2005, this Court responded to BPR’s motion for reconsideration and the defendants’ request for clarification with the following Order [19 Mass. L. Rptr. 177]:
This Court has considered BPR’s motion for reconsideration and concludes that it should be DENIED.
Further, in response to the defendants’ motion for clarification, the Court will go no further than to say that as matters presently stand — because of the unchanged January 3, 2005 decision — the three joint ventures were dissolved by BPR pursuant to G.L.c. 108A, Sec. 31(2) on December 22, 2003, in a manner that was in contravention to the joint venture agreements.
On April 12, 2005, this Court denied BPR’s motion to report this case or for the entry of a separate and final judgment.
Thereafter, the parties pursued some further discovery and the present motion followed.
DISCUSSION
“Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law.” M.P.M. Builders, LLC v. Dwyer, 442 Mass. 87, 89 (2004); Kesler v. Pritchard, 362 Mass. 132, 134 (1972). Mass.R.Civ.P. Rule 56(c). The moving parties are the defendants for purposes of the burden on this motion.
Full familiarity with the Court’s prior decisions in this case is presumed.
As noted above, this Court has already ruled that the joint ventures were dissolved by BPR’s December 22, 2003, notices. Further, this Court has ruled that such dissolutions were in contravention of the agreements between the venturers and, therefore, were governed by G.L.c. 108A, Sec. 31(2).
Despite the prior history, BPR still wants this Court to issue a decree dissolving the three joint ventures, nunc pro tunc, prior to December 22, 2003, pursuant to G.L.c. 108A, secs. 31(6) and 32. G.L.c. 108A, Sec. 31 (6) permits a dissolution by a decree of Court under Sec. 32. There are a number of grounds for such a Court-ordered dissolution set forth in Sec. 32, but none are shown to apply on the facts here, except possibly subsection (f). Section 32(l)(f) authorizes such a decree when there are “[o]ther circumstances which render a dissolution equitable.”
The reach of this section has not been heavily litigated in Massachusetts. This Court has found only one case that provides any guidance. That one case is Ferrick v. Barry, 320 Mass. 217 (1946).
In Ferrick, at p. 222, the court said:
The decree dissolving the partnership and liquidating its affairs was right. The conduct of Ferrick had brought about a situation in which the business could no longer be carried on jointly in the manner contemplated by the articles of copartnership. The other partners were not required to submit to Ferrick’s domination or to continue in an atmosphere of non-cooperation, suspicion, and distrust, even though Ferrick was not actually dishonest, and even though substantial profits were being made. An enterprise organized on the principle of equality in proprietorship and management cannot be expected to realize its alms under such conditions. Even if the court may think that one partner could carry on successfully, if he were allowed to push aside the others, it ought not to sanction such an alteration in the agreed relations of the partners. See G.L. (Ter.Ed.) c. 108A, §18(e). The case comes within the provision of the Uniform Partnership Act, G.L. (TerEd.) c. 108A, §32(1) (d), that on application of a partner the court shall decree a dissolution *686 whenever a partner “so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business in partnership with him.” See further, c. 108A, §§31(2), 32(1)(c), (f); . . .
Ferrick basically relies upon G.L.c. 108A, Sec. 32(l)(d), the section that permits a decree of dissolution when a partner conducts himself in a manner that makes conduct of the business not reasonably practical to carry on. The SJG does also cite to Sec. 32(1)(f), albeit without comment. This Court, therefore, reads Sec. 32(l)(f) as permitting a decree of dissolution only after a factual hearing at which grounds that would make dissolution equitable are presented. The defendants, however, contend that there are no facts supporting such a dissolution and, therefore, summary judgment is appropriate.
The sole reason for BPR’s action dissolving the joint ventures is the allegation by Robert Buonato, Sr. (“Buonato”), the Rule 30(b)(6) deponent for BPR, that Buonato “lost confidence” in Bendetson. However, nothing appears in the summary judgment record to demonstrate: that Bendetson has committed any acts that could be considered “conduct as tends to affect prejudicially the carrying on of the business,” Sec. 32(l)(c); that Bendetson “wilfully or persistently committed] . . . breaches] of the partnership agreement, or otherwise so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on business in partnership with him,” Sec. 32(l)(d); or that “the business of the partnership can only be carried on at a loss,” Sec. 32(l)(e). In fact, the business, which on a day-to-day basis has always been run by Bendetson, is highly profitable and Buonato, who has for the last several years retired to Florida, seldom, if ever, plays a role in the business operation.
Nor, significantly, has any concern been expressed by BPR about the other two 25% interest holders in the joint ventures. And nothing has been said by those other two about the actions or management of the joint ventures by Bendetson.
Thus, there are three highly successful joint ventures, each with four equal participants, and only one participant — BPR—has “lost confidence” in only one of the other three participants.
BPR cites to Fisher v. Fisher, 349 Mass. 675 (1965), as supporting its request for a nunc pro tunc order of dissolution. This Court, however, reads Fisher differently. There, the plaintiff was excluded from a partnership by the remaining partners because he was caught inappropriately taking partnership money. The SJC, however, agreed with a master’s report, to the effect that the plaintiff was wrongfully excluded from the partnership. The court was satisfied that the money taken could be recovered in a final accounting. See id. at 677-78.
The SJC went on to say,
This breach [the partner taking the money] furnished grounds for the [remaining partners] to seek a decree of dissolution of the partnership under the provisions of G.L.c. 108A, Sec. 32(1)(d). Instead of following the procedure under the statute and without any provision in the agreement authorizing what the defendants called a “permanent suspension,” they ousted the plaintiff from the partnership and divided his interest in the partnership amongst themselves. This wrongful action furnished the plaintiff with grounds to obtain dissolution under the same provisions of the statute.
Id. at 678.
Here, unlike in Fisher, BPR was not wrongfully excluded from any of the three joint ventures. Rather, BPR itself, “instead of following the procedure under the statute” and “seeking] a decree of dissolution of the partnership under the provisions of G.L.c. 108A, Sec. 32(1),” proceeded to cause the dissolutions under G.L.c. 108A, Sec. 31.
Under the circumstances here, “[e]quity and the furtherance of justice (see G.L.c. 211, Sec. 3)” does not “require that the [three joint ventures] be dissolved,” nunc pro tunc, prior to December 22, 2003. Id. at 678.
There being no basis to compel a judicial dissolution, and the joint ventures already having been dissolved by BPR, there is nothing for the Court to order regarding Prayers b., c., d., and e. of the complaint. It is, however, appropriate to act on Prayers 1, 4 and 5 of the counterclaim insofar as those Prayers relate to Count One thereof.
The defendants, having elected to continue the business of the threejoint ventures, have the authority to do so pursuant to G.L.c. 108A, Sec. 38(2)(b), as long as they comply therewith.
ORDER
For the foregoing reasons, the Defendants’ Motion for Partial Summary Judgment, Paper #26, is ALLOWED as follows: the Complaint for Declaratory Judgment, Dissolution and Windup, Paper #1, shall be dismissed; and on Count One of the Answer of the Defendants to the Complaint for Declaratory Judgment, Dissolution and Windup and Counterclaim, Paper #4, it is declared that the plaintiffs dissolution of each of the three joint ventures is wrongful and in contravention of the express and implied terms of the joint venture agreements and, on the remaining partners’ election, each of the joint ventures shall continue in business, provided that there is compliance with G.L.c. 108A, Sec. 38(2)(b).
The parties are requested to advise the Court as to any issues or matters that remain to be resolved, and to suggest a schedule for doing so. The Court would appreciate a memorandum to that effect, jointly if possible, or separately if not, on or before April 28, 2006.