HENRY J. SCHNITZER, Plaintiff, v. LOUIS M. JOSEPHTHAL, DEWITT
P. ROSENHEIM, NICOLAS J. GEROLD and GILBERT L. RHODES
(Formerly GILBERT L. ROSENBERG), Defendants.

Supreme Court, New York Special Term, December, 1923.

Partnership — accounting — pleadings — when court will decree an
accounting and the scope thereof in order to define the extent of
equitable relief.

To a complaint alleging plaintiff's wrongful expulsion by defendants from a
banking and brokerage firm, the defendants' appropriation of the assets of
the partnership before the expiration of its term and asking for an accounting,
the answer added to denials a separate defense that after the formation of the
firm defendants ascertained that prior thereto plaintiff had procured from
one defendant $12,500 in a manner constituting larceny; that at the time of
his expulsion plaintiff owed the firm $193,621.36; that during the continuance
of the partnership plaintiff induced his partners to allow an employee $35,000
of the profits of a department and secretly took $17,500 thereof for himself;
that plaintiff fraudulently caused certain transactions in foreign exchange
and securities (in which the firm traded as principals at his suggestion) to be
entered as for account of his wife and his fifteen-year-old daughter, to whom
he paid large profits properly belonging to the firm; that in violation of the
agreement he had a personal margin account with another broker, which he
falsely represented as a firm account; that he agreed with a firm customer to
withdraw a request for additional margin in consideration of the transfer to
him as a secret profit of 5,000 shares of certain stock. Defendants repeating
these allegations as a counterclaim further alleged the liquidation of the firm
by them and asked to file their account and have a general accounting ordered.
*Held*, that the separate defense raised issues of fact essential to the determination
of the question whether the accounting should be for only what was actually
due plaintiff, or also for damages or for his share of the profits realized from the
defendants' appropriation of the partnership assets and good will, and a motion
to strike out the separate defense and the counterclaim will be denied.
A contention that as defendants admitted the propriety of an accounting the
allegations of the separate defense had no bearing on the right to an accounting
although material thereto, was untenable as the court should not only decree
an accounting but the scope thereof, and plaintiff's own misconduct in breaking
the partnership agreement by taking secret profits was an appropriate subject
of inquiry to enable the court to define the extent of the equitable relief.

MOTION to strike out separate defense and counterclaim.

*Erwin, Fried & Czaki* (*Frederick M. Czaki*, of counsel), for
plaintiff.

*Shearn & Hare* (*Clarence J. Shearn*, of counsel), for defendants.

PROSKAUER, J.   Plaintiff moves to strike out a separate defense
and counterclaim as insufficient in law.

The complaint alleges a partnership between plaintiff and defend-

ants to conduct a banking and brokerage business for a term, the wrongful expulsion of plaintiff by defendants therefrom and appropriation of the assets thereof before the expiration of the term. The usual prayer for an accounting follows.

The answer adds to denials a separate defense setting up that defendants ascertained after formation of the firm that plaintiff had prior thereto procured from one defendant $12,500 in a manner constituting larceny; that at the time of his expulsion plaintiff owed the firm $193,621.36; that during the continuance of the partnership plaintiff induced his partners to allow an employee $35,000 of the profits of a department and secretly took $17,500 thereof for himself; that plaintiff fraudulently caused certain transactions in foreign exchange and securities (in which the firm traded as principals at his suggestion) to be entered as for account of his wife and his fifteen-year-old daughter, to whom he paid large profits properly belonging to the firm; that in violation of the agreement he had a personal margin account with another broker, which he falsely represented as a firm account; that he agreed with a firm customer to withdraw a request for additional margin in consideration of the transfer to him as a secret profit of 5,000 shares of certain stock.

As a counterclaim defendants repeat these allegations; further allege that they have liquidated the firm and ask to file their account and have a general accounting ordered.

Plaintiff contends that inasmuch as defendants admit the propriety of an accounting, these allegations have no bearing on the right to an accounting, although they may be material to the accounting itself. The court, however, should decree not only an accounting, but also the scope thereof.

If plaintiff, not himself in default, was wrongfully expelled, defendants must account not only for what was due him on the date of the expulsion, but also for damages or for his share of the profits realized from the appropriation of the partnership assets and good will. While defendants would then have had the power to dissolve, they would be required to account for this wrongful exercise of a conceded power. Shumaker Part. 26; Bowley Mod. Law Part. § 576; Burdick Part. (3d ed.) 344; Mechem Part. (2d ed.) § 353 and cases there cited; Partnership Law, §§ 62, 69.

On the other hand, if plaintiff himself essentially breached the agreement, he can claim only what was his at the time of his expulsion. It is true that breach by plaintiff is made by section 63 of the Partnership Law a ground for application to the court to decree a dissolution and is not made by section 62 a ground for expulsion without such application. Nevertheless, even assuming

that defendants should have resorted to a court and " not have taken the law into their own hands " (as plaintiff's counsel puts it), it does not follow that plaintiff, if he himself substantially breached the agreement, can recover damages or profits to which he would otherwise be entitled.  As in the case of any claim to damages for breach of contract, he must show his own substantial performance of essential conditions.  *Reiter* v. *Morton*, 96 Penn. St. 229, 239; *Westwood* v. *Cole*, 66 Misc. Rep. 53, revd. on other grounds, 139 App. Div. 841; *Devine* v. *Melton*, 170 id. 280, 285; *Durbin* v. *Barber*, 14 Ohio, 311; *Dumont* v. *Ruepprecht*, 38 Ala. 175, 184.  Beyond that he seeks equitable relief.  His own misconduct is an appropriate subject of inquiry to enable the court of equity itself to define the extent of this relief.  As stated by Justice Gray in *Karrick* v. *Hannaman*, 168 U. S. 328, 335: " A partner who has not fully and fairly performed the partnership agreement on his part has no standing in a court of equity to enforce any rights under the agreement."  He may then have what was his, but not what was to become his on condition of performance by him.

This banking and brokerage firm could not function without confidence of its customers.  It is not as a matter of law immaterial that these partners found that plaintiff was a thief and that he breached the agreement by taking secret profits, speculating in the firm name for personal gain and procuring money from his partners by fraudulent misrepresentations.  This defense raises issues of fact essential to the determination by the court of the question whether the accounting should be only for what was actually due him or also for damages or future profits.  Defendants, moreover, are entitled to have the court pass upon their own prayer for an accounting.

Motion denied.

Ordered accordingly.