**Jack D. TRULY, Petitioner,**

v.

**James D. AUSTIN, et al., Respondents.**

**No. C–6087.**

Supreme Court of Texas.

Feb. 17, 1988.

Rehearing Denied March 16, 1988.

Seale, Stover, Coffield, Gatlin and Bisbey, Blair A. Bisbey, Jasper, for petitioner.

Golden and Gray, Joe Bob Golden, Jasper, Orgain, Bell and Tucker, Gary Neale Reger, Beaumont, for respondents.

SPEARS, Justice.

The issue in this case is whether a party who has breached an express contract may nevertheless recover under a theory of quantum meruit. Petitioner Jack Truly performed certain services as specified in a joint venture agreement. He later breached the joint venture agreement by refusing to assume personal liability for joint venture debts. Truly brought suit against Respondents James Austin and Gearld Clark, his co-joint venturers, for the services he rendered pursuant to the agreement. Based on a jury verdict, the trial court rendered judgment in favor of Truly. The court of appeals reversed that judgment and remanded the cause with instructions. 721 S.W.2d 913 (1986). We affirm the judgment of the court of appeals.

In 1975, Austin purchased a tract of land in Jasper, Texas. Austin, Clark, and Truly later agreed to develop a shopping center on the tract. The three men entered into a written agreement to form a joint venture for the purpose of acquiring, developing, and financing the acquisition and development of the land. The agreement provided that (1) Austin would sell the tract to the venture; (2) Austin and Clark would "arrange financing of the construction and development" of the shopping center contemplated by the joint venture; (3) Truly would supervise construction and be paid $2,000 per month for twenty-four months; and (4) the ownership interest of each party would be 40% to Truly, 30% to Austin, and 30% to Clark.

After signing the agreement, Truly refused to assume personal liability on the financing of the joint venture project. When the dispute could not be resolved, Austin and Clark terminated their relationship with Truly. Truly sued his co-joint venturers for the value of the services he rendered under the contract, seeking to recover on breach of contract and quantum meruit theories. At trial, Truly abandoned his breach of contract claim and proceeded solely on quantum meruit. The jury awarded Truly $215,000 in damages and $70,000 in attorney's fees.

The court of appeals reversed the judgment of the trial court, holding that recovery on quantum meruit is not allowed when there is an express contract covering the subject matter of the suit. The entire cause was remanded to the trial court with instructions limiting Truly's recovery to that which Truly could plead and prove under the written contract.

■ As a general rule, a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit only when there is no express contract covering those services or materials. *Black Lake Pipeline v. Union Construction Co., Inc.*, 538 S.W.2d 80, 86 (Tex.1976); *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex.1964). The joint venture agreement executed by Truly, Austin, and Clark specifically and unambiguously provided that Truly would "supervise the construction and development" of the shopping center. By his own pleadings, Truly limited his quantum meruit claim to the services he agreed to render under the joint venture agreement. Thus, an express contract covered the subject matter of Truly's claim, and Truly is not entitled to recover under the general rule of quantum meruit.

■ There are instances when recovery in quantum meruit is permitted despite the existence of an express contract that covers the subject matter of the claim. First, recovery in quantum meruit is allowed when a plaintiff has partially performed an express contract but, because of the *defendant's* breach, the plaintiff is prevented from completing the contract. *Coon v. Schoeneman*, 476 S.W.2d 439 (Tex.Civ. App.—Dallas 1972, writ ref'd n.r.e.); *Beller v. De Lara*, 565 S.W.2d 319 (Tex.Civ.App.— San Antonio 1978, no writ). Truly's claim does not fit within this type of quantum meruit because, contrary to Truly's contention, it was Plaintiff *Truly* who breached the joint venture agreement.

■ Truly entered into an express agreement to form a joint venture for the pur-

pose of financing and developing a shopping center. He conceded in his pleadings that the agreement set forth the respective obligations and interests of the parties. As a joint venturer, Truly was subject to the same rules that apply to partners. *Hackney v. Johnson,* 601 S.W.2d 523, 526 (Tex. Civ.App.—El Paso 1980, writ ref'd n.r.e.). A joint venturer is jointly and severally liable for joint venture debts and obligations. Tex.Rev.Civ.Stat.Ann. art. 6132b, § 15 (Vernon 1970). Further, each joint venturer assumes the obligation to share joint venture losses according to his share of the profits. *Id.* § 18(1)(a). In light of these provisions, we agree with the court of appeals that, as a matter of law, Truly's refusal to sign the note for the financing of the joint venture project constituted a breach of contract. By contrast, Defendants Austin and Clark neither breached the contract nor prevented Truly from performing his contractual obligations. Therefore, Truly is not entitled to recover under this theory of quantum meruit.

■ Recovery in quantum meruit is sometimes permitted when a plaintiff partially performs an express contract that is unilateral in nature. *Colbert v. Dallas Joint Stock Land Bank of Dallas,* 129 Tex. 235, 102 S.W.2d 1031 (1937) (partial performance of contract by broker to sell real estate); *Benson v. Harrell,* 324 S.W.2d 620 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.) (partial performance by attorney to recover fee title to minerals). In these cases, the unilateral contract imposed no legal obligation on the plaintiff, and the plaintiff, thus, did not breach the contract. *See* Calamari & Perillo, *Contracts* § 1–10, at 17–18 (1977). Truly's quantum meruit claim does not fit this type of recovery because Truly entered into a bilateral contract in which he incurred the legal obligation to assume personal liability for joint venture debt. He voluntarily breached the contract by refusing to sign the development note.

The only Texas cases that have permitted a *breaching* plaintiff to recover in quantum meruit have involved building or construction contracts. In these cases, plaintiffs have been allowed to recover the reasonable value of services less any damages suffered by the defendant. *See, e.g., City of Sherman v. Connor,* 88 Tex. 35, 29 S.W. 1053 (1895); *City of Ingleside v. Stewart,* 554 S.W.2d 939, 947 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Central to the contractor's right to recover in quantum meruit is the owner's acceptance and retention of the benefits arising as a direct result of the contractor's partial performance. 10 Tex.Jur.3d *Building Contracts* § 49, at 292 (1980).

■ Truly's claim is significantly different from the quantum meruit claims made in the construction cases. First, the breaching contractors in these cases provided labor and materials for the direct benefit of the property owners. Truly, by contrast, was not rendering services *for* the defendants, Austin and Clark. Instead, pursuant to the joint venture agreement, he performed his services for the joint venture. To recover in quantum meruit, the plaintiff must show that his efforts were undertaken *for* the person sought to be charged; it is not enough to merely show that his efforts benefitted the defendant. *Bashara v. Baptist Memorial Hospital System,* 685 S.W.2d 307, 310 (Tex.1985). Truly rendered services for the joint venture in an effort to enhance the success and profitability of a project in which he held a 40% ownership interest. Truly thus acted to benefit his own financial interests as well as those of his co-joint venturers.

Second, in the construction cases, the defendant retains a tangible product of value. In this case, Austin and Clark were left with no tangible benefit after Truly breached the joint venture agreement. When Truly refused to assume personal liability for joint venture debt, he in effect destroyed the very relationship that his services were designed to benefit. Truly's breach precipitated the failure of the joint venture project, a fact in no way alleviated by the supervisory services that Truly pre-

viously performed. Truly, by his own actions, caused the value of his services to evaporate.

If Truly had a quantum meruit claim for the value of his services, it would have been against the joint venture itself for whose benefit the services were performed. Having terminated the joint venture by his own breach, Truly seeks to impose personal liability on Austin and Clark for a joint venture debt. Truly has repeatedly argued that because the joint venture agreement did not expressly impose personal liability on him for joint venture debt, *he* was not required to assume any such obligation. Ironically, he now seeks to impose personal liability on Austin and Clark for such a debt despite there being no express provision imposing that obligation on them.

▇▇▇ Recovery in quantum meruit is based on equity. It is well-settled that a party seeking an equitable remedy must do equity and come to court with clean hands. *City of Wink v. Griffith Amusement Co.,* 129 Tex. 40, 100 S.W.2d 695, 702 (1936); *Breaux v. Allied Bank of Texas,* 699 S.W. 2d 599, 604 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). To justify a recovery in quantum meruit, the plaintiff must not only show that he has rendered a partial performance of value, but must also show that the defendant has been unjustly enriched and the plaintiff would be unjustly penalized if the defendant were permitted to retain the benefits of the partial performance without paying anything in return. 5A A. Corbin, *Corbin on Contracts* § 1122 (1964).

Equity does not support a recovery in quantum meruit in this case. Truly rendered services to benefit a joint venture in which he held a large ownership interest. He then breached the joint venture agreement, terminating the joint venture and precipitating the failure of the project. Truly now seeks to impose personal liability on his co-joint venturers pursuant to an agreement which he contends imposes no such liability on himself. Truly, by his course of conduct, has violated the reasonable expectations and values that permeate business transactions. Accordingly, we hold that Petitioner Truly may not recover in quantum meruit.

The judgment of the court of appeals is affirmed.

KILGARLIN, J., concurring joined by PHILLIPS, C.J., and RAY, J.

KILGARLIN, Justice, concurring.

I concur in the court's judgment only because Jack Truly did not preserve error by seeking an accounting, which I consider to be the proper method for him to recoup that to which he claims he is entitled. Clearly, quantum meruit is not the right vehicle.

Truly was involved in a joint venture. A joint venture is in the nature of a partnership. *Brown v. Cole,* 155 Tex. 624, 631, 291 S.W.2d 704, 709 (1956); *Holcombe v. Lorino,* 124 Tex. 446, 455, 79 S.W.2d 307, 310–11 (1935). Consequently, a joint venture is generally governed by the rules applicable to partners. *Thompson v. Duncan,* 44 S.W.2d 904, 907 (Tex.Comm'n App. 1932, judgm't adopted). *See also* J. Crane & A. Bromberg, *Crane and Bromberg on Partnership* § 35 (1968); H. Reuschlein & W. Gregory, *Handbook on the Law of Agency and Partnership* § 266 (1979); 47 Tex.Jur.3d, *Joint Ventures* § 4 (1986). Thus, when a joint venture agreement is silent on an issue, this court will turn to the Texas Uniform Partnership Act. *See Park Cities Corp. v. Byrd,* 534 S.W.2d 668, 672 (Tex.1976).

In refusing to sign the development loan note and assume joint and several liability for this joint venture debt, Truly breached the joint venture agreement. Tex.Rev.Civ. Stat.Ann. art. 6132b, § 15 (Vernon 1970).

A suit for an accounting is the appropriate remedy for a joint venturer or partner who has breached the joint venture or partnership agreement. *See Dobson v. Dobson,* 594 S.W.2d 177 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (part-

nership); *Lane v. Phillips,* 509 S.W.2d 894 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.) (joint venture). *See also* Tex.Rev. Civ.Stat.Ann. art. 6132b, § 22 (Vernon 1970). I agree with the court that quantum meruit relief is not a suitable remedy when sought by a venturer who has failed to perform his obligations under the joint venture agreement. *See, e.g., White v. Lemley,* 328 S.W.2d 694 (Mo.1959); *Pemberton v. Ladue Realty & Const. Co.,* 237 Mo.App. 971, 180 S.W.2d 766 (1944).[1] Further, a materially breaching venturer may not recover damages under the contract. *See Schnitzer v. Josephthal,* 122 Misc. 15, 16–17, 202 N.Y.S. 77, 78 (1923), *aff'd,* 208 App.Div. 769, 202 N.Y.S. 952 (1924) ("As in the case of any claim to damages for breach of contract, [the claimant] must show his own substantial performance of essential conditions" [citations omitted] ).

A suit for an accounting of the partnership affords some protection against forfeiture to breaching parties such as Truly. Breach of the joint venture or partnership agreement does not result in the forfeiture of the joint venturer's or partner's interest.[2] *Dobson,* 594 S.W.2d at 181–82; *Lane,* 509 S.W.2d at 898–99. *See also* Hillman, *Misconduct as a Basis for Excluding or Expelling a Partner: Effecting Commercial Divorce and Securing Custody of the Business,* 78 Nw.U.L.Rev. 527, 542 n. 57 (1983).

One commentary says:

A joint venture is to be conducted by the parties to the undertaking, and the failure of any party completely to perform his part does not forfeit his fully acquired interest. Notwithstanding defaults and omissions, each has an interest in such assets as have been preserved or accumulated. Thus, default by a member of a joint venture will not justify the other members in excluding him from participation in the accrued assets.

46 Am.Jur.2d, *Joint Ventures* § 38 (1969). *See also* 47 Tex.Jur.3d, *Joint Ventures* § 11 (1986).

The interests of the non-breaching venturers are also protected by this procedure. The breaching venturer is not entitled to assets accruing after his default. *Id.* More important, the breaching venturer must pay, in an accounting, for the damages caused by his misconduct. *Dobson,* 594 S.W.2d at 181. The *Dobson* court quoted from *Fisher v. Fisher,* 352 Mass. 592, 227 N.E.2d 334, 336 (1967): "A partner does not lose his rights in the accrued profits of a firm by reason of breaches of the partnership articles, whether or not committed in bad faith, although of course he will be subject to charges for all unexcused breaches in the final accounting."

By not seeking an accounting, however, Truly has failed to preserve his right to do so. For this reason, I concur with the decision arrived at by the court.

PHILLIPS, C.J., and RAY, J., join in this concurring opinion.

---

1. The court ably discusses some of the policy reasons disfavoring quantum meruit recovery in this context.

   The court, however, incorrectly asserts that the only Texas cases permitting a breaching plaintiff to recover in quantum meruit have involved building or construction contracts. *See, e.g., Cotton v. Rand,* 93 Tex. 7, 51 S.W. 838,

*reformed,* 93 Tex. 7, 26, 53 S.W. 343 (1898) (agency agreement to procure mineral lands).

2. Of course, a different result would obtain when the joint venture agreement contains a forfeiture clause. *Dobson,* 594 S.W.2d at 181.