NAGEL 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-593-CV





ALFRED F. NAGEL; LABOR FORCE, INC.; SHIRLEY J. NAGEL;


AND JOHNNY MACK TURNER,



 
 APPELLANTS


vs.





KENTUCKY CENTRAL INSURANCE COMPANY, INTERNATIONAL INDEMNITY


COMPANY, AETNA CASUALTY & SURETY COMPANY, FARMERS INSURANCE


EXCHANGE, INC., EMPLOYERS NATIONAL INSURANCE COMPANY, AMERISURE


COMPANIES, AND MOUNT HAWLEY INSURANCE COMPANY,



 APPELLEES



 



FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 138-225-B, HONORABLE RICK MORRIS, JUDGE PRESIDING


 




 Alfred Nagel, Shirley Nagel, Johnny Mack Turner, and Labor Force, Inc. ("the
insureds"), appellants, sued eleven issuers of homeowners and general liability policies ("the
insurers"), (1) appellees, to recover costs incurred by the insureds in defending themselves in a suit
arising out of an alleged kidnapping. The trial court granted summary judgment in favor of all
the insurers. The insureds contend that summary judgment was improper because they were
entitled to compensation under the doctrine of quantum meruit. We will affirm.


BACKGROUND


 On April 12, 1991, Janice Turner filed suit, individually and as next friend of her
two daughters, Joda and Jonna Turner, against the four insureds: Janice's former husband, Johnny
Mack Turner; Johnny Mack's mother, Shirley Nagel; Shirley's husband, Alfred Nagel; and
Alfred's business, Labor Force, Inc. (2) Janice alleged that for the previous twelve years the
insureds had unlawfully maintained possession of Joda and Jonna and had secreted the children
from her, in part by moving frequently and living under assumed names. She sought recovery
under several causes of action: false imprisonment, civil conspiracy, intentional infliction of
emotional distress, negligent infliction of emotional distress, and interference with child custody. (3)

 The insureds retained counsel and paid for their own defense for nine months. 
Finally, in January 1992, they notified the insurers of the pending suit against them, demanding
coverage, a defense, and reimbursement for defense costs to that point, which totalled over
$140,000. The insurers assumed the insureds' defense under a reservation of rights and
eventually settled with Janice Turner at the insurers' expense. The only remaining dispute,
therefore, was whether the insureds were entitled to reimbursement from the insurers for their
pre-notice defense costs. (4) Concluding that they were not, the trial court granted summary
judgment for the insurers.

 On appeal, the insureds challenge the judgment in fourteen points of error, arguing
that (1) the language of the various policies provided coverage for the claims against the insureds,
thereby obligating the insurers to provide them a defense, and (2) the insurers were obligated
under a theory of quantum meruit to reimburse the insureds for their pre-notice defense costs.



DISCUSSION


 The insureds contend that even though their insurance contracts do not provide for
reimbursement of pre-notice defense costs, they are entitled to such reimbursement under the
doctrine of quantum meruit. Quantum meruit is an equitable theory of recovery based on an
implied agreement to pay for benefits received. Heldenfels Bros. v. City of Corpus Christi, 832
S.W.2d 39, 41 (Tex. 1992). To recover under the doctrine of quantum meruit, a plaintiff must
establish that: (1) valuable services or materials were furnished; (2) to the party sought to be
charged; (3) which were accepted by the party sought to be charged; and (4) under such
circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be
paid by the recipient. Id. The insureds argue that since the insurers were obligated to provide
a defense for them, the insureds provided a valuable service to the insurers by mounting their own
defense, and therefore the insureds ought to be reimbursed for their pre-notice defense costs.

 The insureds' argument rests on two premises: first, that the insurers had an
obligation to defend them; and second, that they can recover under quantum meruit for providing
this defense themselves. We believe the insureds have failed to establish their second premise. 
Assuming without deciding that the insurers were obligated to defend the insureds, we conclude
that the doctrine of quantum meruit does not require them to reimburse the insureds for pre-notice
defense costs.

 Generally, a party may recover under quantum meruit only if no express contract
covers the services or materials furnished. Vortt Exploration Co. v. Chevron U.S.A., Inc., 787
S.W.2d 942, 944 (Tex. 1990); Truly v. Austin, 744 S.W.2d 934, 936 (Tex. 1988). In this case,
the insurance contracts in question expressly address defense costs incurred by the insureds. All
of the policies contain provisions substantially identical to the following:


The insured shall not, except at his own cost, voluntarily make any payment,
assume any obligation or incur any expense other than for such immediate medical
and surgical relief to others as shall be imperative at the time of the accident. (5)



Thus, the contracts specifically cover the services allegedly furnished for the insurers by
prohibiting the insureds from incurring such expenses, except at their own cost. Consequently,
the insureds cannot recover for such expenses under the doctrine of quantum meruit. (6)

 Having concluded that the summary judgment may be upheld on the quantum
meruit issue, we need not discuss the coverage issue.


CONCLUSION


 We overrule the insureds' points of error and affirm the trial court's judgment.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: December 14, 1994

Do Not Publish Released for publication February 8, 1995. Tex. R. App. P. 90(c).
1.   The original defendants were Aetna Casualty & Surety Company, Amerisure
Companies, Employers National Insurance Company, Farmers Insurance Exchange,
International Indemnity Company, Kentucky Central Insurance Company, Mount
Hawley Insurance Company, Transamerica Insurance Company, Elton George Insurance
Company, National Lloyds Insurance Company, and Don Cast Insurance Agency. The
insureds non-suited the Don Cast Agency before final judgment. The insureds reached
settlements with the Transamerica, Elton George, and National Lloyds companies after
final judgment, and those entities have been dismissed from this appeal, leaving the
remaining seven companies as appellees.
2.   Janice Turner's original petition named Johnny Mack Turner, Alfred Nagel, Shirley
Nagel, and Kim Nagel as defendants. Through a series of amendments, Kim Nagel was
dropped as a defendant and Labor Force, Inc., was added. Labor Force is a temporary
personnel company owned by Alfred Nagel.
3.   The Texas Family Code creates a cause of action for interference with child custody. 
Tex. Fam. Code Ann. § 36.02 (West 1986).
4.   The procedural history of this case is somewhat complex. When the insureds
demanded a defense, a number of the insurers sought declaratory judgments defining
their duties under their respective policies. The insureds filed third-party actions against
the insurers. All of these actions were consolidated into the original suit between Janice
Turner and the insureds. Once all of the claims against the insureds were settled, only
the insureds' claims against the insurers remained.
5.   This precise clause is contained in the International Indemnity, Kentucky Central,
and Aetna policies. The language of the other policies is listed below.


 Farmers Insurance Exchange: "[T]he insured will not, except at the insured's own
cost, voluntarily make any payment, assume any obligation or incur any expense except
First Aid Expenses."


 Employers National and Mount Hawley: "The insured shall not, except at his own
cost, voluntarily make any payment, assume any obligation or incur any expense other
than for first aid to others at the time of accident."


 Amerisure: "No insureds will, except at their own cost, voluntarily make a
payment, assume any obligation, or incur any expense, other than for first aid, without
our consent."
6.   In addition, it appears that under the facts of the present case the insureds do not
meet the fourth element of a quantum meruit cause of action, because the services were
not rendered under such circumstances as reasonably notified the insurers that the
insureds expected to be paid by the insurers for such services.