Affirmed in part, Reversed and Remanded in part, and Opinion filed March
22, 2005









Affirmed in
part, Reversed and Remanded in
part, and Opinion filed March 22, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00790-CV

_______________

 

BARBARA JACKSON HUDSON,
Appellant

 

V.

 

JAYLA
COOPER, Appellee

___________________________________________________________

 

On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 01‑25673

___________________________________________________________

 

O P I N I O N

 

In
this suit for attorney compensation, Barbara Jackson Hudson appeals a
take-nothing judgment in favor of Jayla Cooper on the grounds that: (1) the
trial court erred in granting a directed verdict against Hudson=s quantum meruit claim; and (2) the
jury finding against Hudson=s breach of contract claim was against the great weight and
preponderance of the evidence.  We affirm
in part and reverse and remand in part.








Background

Cooper entered into a written contingency fee agreement (the Aagreement@) for Hudson to represent her in
asserting a personal injury claim. 
Before the case was concluded, Cooper discharged Hudson and hired other
counsel.  Hudson filed a plea in
intervention in the personal injury case, seeking compensation for the legal
services she had provided, and Cooper entered into a settlement of her personal
injury claims.  At the trial on Hudson=s claims, the trial court granted a
directed verdict against the quantum meruit claim, and the jury found against
Hudson on the breach of contract claim.

Contract Claim

The
first question in the jury charge (the Acharge@) asked whether a contract existed between
Cooper and Hudson, and the jury answered affirmatively.  The second question (and accompanying
instruction) then asked:

Did [Cooper] fail to comply with the agreement?

Failure to comply
by [Cooper] is excused by [Hudson=s] prior
repudiation, if any, of the same agreement.

A party repudiates
an agreement when she indicates by her words or actions that she is not going
to perform her obligations under the agreement in the future, showing a fixed
intention to abandon, renounce and refuse to perform the terms of the contract.

 

The jury answered
Ano@ to this question, and Hudson=s second[1]
issue contends that this finding was against the great weight and preponderance
of the evidence.








We
review such a factual sufficiency challenge by weighing and considering all the
evidence in the case. Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d
757, 761 (Tex. 2003).  However, we may
not pass upon the witnesses= credibility or substitute our judgment for that of the jury,
even if the evidence would clearly support a different result.  Id. 
Instead, the judgment will be set aside only if the evidence is so
factually weak, or the verdict so contrary to the overwhelming weight of the
evidence, as to make the judgment clearly wrong and unjust.  Dow Chem. Co. v. Francis, 46 S.W.3d
237, 242 (Tex. 2001).

In
this case, Cooper testified that, two weeks before trial was scheduled on her
personal injury claims, Hudson told her that: (1) she (Hudson) was ill; (2) she
would be unable to go to trial; (3) she was not prepared to go to trial; and
(4) Cooper would have to find another attorney. 
This evidence was legally sufficient to support a finding that Hudson
repudiated her agreement to represent Cooper in the lawsuit and, thus, a
negative answer to question 2 of the charge. 
Although Hudson presented conflicting testimony of the circumstances
leading to her discharge by Cooper, it does not render the evidence supporting
the verdict so factually weak, or the verdict so contrary to the overwhelming
weight of the evidence, as to make the judgment clearly wrong and unjust.  Therefore, Hudson=s second issue is overruled.

Quantum Meruit Claim

Cooper=s motion for directed verdict
asserted that there Ahas been no testimony as it relates to any kind of quantum
meruit finding . . .@, and the trial court=s judgment states that this motion
was granted because Hudson Afailed to introduce any probative evidence of [her] quantum
meruit claim . . . .@  Hudson=s first issue challenges the directed
verdict on the ground that the evidence at trial was sufficient to raise fact
issues on her quantum meruit claim.








As
applicable to this case, a directed verdict may be granted if a plaintiff fails
to present evidence raising a fact issue on one or more elements that are
essential to the plaintiff=s right of recovery.  See
Prudential Ins. Co. v. Fin. Review Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000).  Therefore, in reviewing the directed verdict,
we determine whether there was more than a scintilla of evidence to raise a
fact question on the elements of the quantum meruit claim.  See Coastal Transp. Co., v. Crown Cent.
Petroleum Corp., 136 S.W.3d 227, 233 (Tex. 2004).  In conducting this review, we consider all of
the evidence in the light most favorable to Hudson, disregard all contrary
evidence and inferences, and give Hudson the benefit of all reasonable inferences
that may be drawn from the evidence.  See
id. at 234.

To
recover under a quantum meruit theory, Hudson must have proved that: she
rendered valuable services for Cooper=s benefit; Cooper accepted those
services; and under such circumstances as reasonably notified Cooper that
Hudson expected to be paid for the services. 
See Heldenfels Bros. v. City of Corpus Christi, 832 S.W.2d 39, 41
(Tex. 1992).  Despite the existence of an
express contract that covers the subject matter of the claim, recovery in
quantum meruit is permitted where, as here, the contract is unilateral in
nature, and the plaintiff partially performs it. Truly v. Austin, 744
S.W.2d 934, 937 (Tex. 1988).  The measure
of recovery for quantum meruit is the reasonable value of the services.  See Colbert v. Dallas Joint Stock Land
Bank, 136 Tex. 268, 150 S.W.2d 771, 773 (1941).

Where
equitable relief, such as quantum meruit, is claimed, a trial court must first
determine whether any contested fact issues exist that are not established as a
matter of law and must therefore be decided by a jury (if requested), such as:
(1) whether the plaintiff performed valuable work for the defendant, the
defendant accepted it, and the defendant had reason to know the plaintiff
expected to be paid for the work; and (2) the reasonable value of the attorney=s services.  See Burrow v. Arce, 997 S.W.2d 229,
245-46 (Tex. 1999); Comm. on Pattern
Jury Charges, State Bar of Tex., Texas Pattern Jury Charges, Business,
Consumer, Insurance, Employment PJC 101.42, 110.6 (2003).  Once any such necessary factual disputes have
been resolved, the weighing of all equitable considerations (such as whether
the defendant has been unjustly enriched, the plaintiff would be unjustly
penalized if the defendant retained the benefits of the partial performance
without paying for them, and the plaintiff had Aunclean hands@) and the ultimate decision of how
much, if any, equitable relief should be awarded, must be determined by the
trial court (rather than a jury).  Burrow,
997 S.W.2d at 245-46; see Truly, 744 S.W.2d at 937.  A decision by a trial court to grant or deny
equitable relief is subject to the same review on appeal as any other legal
issue.  Burrow, 997 S.W.2d at 246.








In
this case, because the trial court=s directed verdict purports to be
only a decision that there was legally insufficient evidence to prove the
quantum meruit fact issues, and not any further decision concerning equitable
considerations, we will review it only to that extent.[2]  The evidence in this case includes: (1) the
agreement, essentially providing that Hudson would be paid, as compensation for
her services, forty percent of any recovery received by Cooper after suit was
filed; (2) testimony describing the work Hudson performed and amounts she
expended in representing Cooper in the case; (3) testimony that Cooper was
offered $99,000 to settle the case before Hudson was discharged; and (4)
testimony that Cooper ultimately accepted that amount plus $1000 in expenses to
settle the case after hiring new counsel. 
Viewed in the light most favorable to Hudson, this evidence is
sufficient to raise fact issues as to: (1) whether Hudson performed valuable
work for Cooper, Cooper accepted the work, and Cooper had reason to know of
Hudson=s expectation to be paid for the
work; and (2) a reasonable value of the services Hudson provided.  We therefore sustain Hudson=s first issue, challenging the
directed verdict on the quantum meruit fact issues.  Accordingly, we reverse the take-nothing
judgment as to Hudson=s quantum meruit claim, remand that claim to the trial court,
and affirm the remainder of the judgment.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Opinion filed March 22, 2005.

Panel consists of
Chief Justice Hedges and Justices Edelman and Seymore.

 











[1]           We
will address Hudson’s two issues in reverse order for ease of presentation.





[2]           We
thus do not reach Cooper’s claim for fee forfeiture because we find no ruling
by the trial court on that issue.  See
Burrow, 997 S.W.2d at 245-46.