United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-10532

MILLBROOK CORPORATION,

Plaintiff-Counter-Defendant-Appellee,

VERSUS

MEDICAL FINANCIAL SERVICES INC.; ET AL,

Defendants,

DOUGLAS E. KASSAB and LAURA KLEIN,

Defendants-Appellants,

EXIGENT MANAGEMENT COMPANY, INC. d/b/a CLINISOFT,

Defendant-Counter-Claimant-Appellant,

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division

(3:01-CV-01343)

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Exigent Management Co., Inc. d/b/a
Clinisoft ("Clinisoft") and Douglas Kassab and Laura Klein
(collectively, "Appellants") appeal the district court's orders and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entry of judgment in favor of Plaintiff-Appellee Millbrook Corporation ("Millbrook") following a jury trial. Clinisoft argues the court erred in: (1) denying judgment as a matter of law on Millbrook's quasi-contract claims in light of an express contract between the parties; (2) denying judgment as a matter of law on Millbrook's fraud claim; and (3) denying Clinisoft a new trial on its counterclaims. The dispute arises out of a contract between the parties for the resale of computer software licenses and Clinisoft's delinquency for invoices on the sale of annual upgrades or renewals for the software. We AFFIRM.

Millbrook designed and marketed computer software for medical service providers and sold its software through a network of resellers. Clinisoft entered negotiations with Millbrook to become a reseller, and the parties entered an agreement on September 10, 1997 (the "Agreement") that provided for a nonexclusive right to market licenses for the software to end users. The Agreement's term was one year, renewable automatically, unless either a condition for termination was met or either party opted out of renewal at the end of a term. On June 7, 2001, Millbrook notified Clinisoft of its intent to terminate based upon Clinisoft's nonpayment of amounts owing under the Agreement and to cease provision of annual software upgrades to end users. Millbrook notified Clinisoft of its timeliness with payments on licenses but continuing delinquency on the upgrade accounts. Clinisoft responded that the owing amounts were not for renewals sold, but

2

rather for renewals billed by Millbrook prior to the annual date relevant to each affected end user. On July 2, 2001, Millbrook notified Clinisoft of the termination of the Agreement for cause, effective June 30, 2001.

Millbrook filed its complaint in state court against Clinisoft, alleging breach of contract and unjust enrichment and claiming damages related to unpaid invoices totaling $114,114.70. Millbrook also claimed Appellants committed fraud by falsely categorizing certain licenses for use in order to obtain a discounted price, offered by Millbrook for licensees requiring only partial use of the software's capacity, and by submitting a false order form on behalf of a nonexistent customer in order to obtain the discounted price. Upon removal, Millbrook supplemented its complaint in federal court with claims of fraud and conspiracy to commit fraud and additional quasi-contractual claims, including quantum meruit and breach of implied promise. Clinisoft counterclaimed, alleging that Millbrook's termination of the Agreement constituted breach of contract and that Millbrook tortiously interfered with Clinisoft's prospective business relationships by notifying Clinisoft's customers of the contract termination.

On cross motions for partial summary judgment, a magistrate judge recommended dismissal of Millbrook's breach of contract claim because the magistrate concluded the plain language of the Agreement did not create a procedure by which Clinisoft was

3

required to order or pay for upgrades. The magistrate also recommended the denial of Clinisoft's motion for summary judgment on its breach of contract claim related to termination. The district court accepted the magistrate's recommendations. The remaining claims and counterclaims proceeded to jury trial. At the conclusion of the evidence, the court granted Millbrook's motion for judgment as a matter of law as to Clinisoft's cause of action for tortious interference with contracts.

The remaining claims were submitted to the jury, which returned a verdict for Millbrook on its quasi-contract claims and awarded damages in the amount of $114,114.70. The jury also returned a verdict in favor of Millbrook on the fraud claim, but found no damages on that cause of action, and in favor of Millbrook with respect to Clinisoft's counterclaims for breach of contract and tortious interference with prospective business relations. Finally, the jury returned a verdict in favor of Clinisoft on Millbrook's conspiracy to commit fraud claim.

After trial, Clinisoft moved for judgment as a matter of law and/or new trial on all claims, and the court denied the motion. This appeal timely followed. This Court reviews *de novo* a district court's denial of a motion for judgment as a matter of law. *DP Solutions v. Rollins*, 353 F.3d 421, 427 (5th Cir. 2003). "Judgment as a matter of law is proper after a party has been fully heard by the jury on a given issue, and there is no legally sufficient

4

evidentiary basis for a reasonable jury to have found for that party with respect to that issue." *Id*. (internal quotation marks omitted). "The decision to grant or deny a motion for new trial is within the discretion of the trial court and will not be disturbed absent an abuse of discretion or a misapprehension of the law." *Prytania Park Hotel, Ltd. v. Gen. Star Indem. Co.*, 179 F.3d 169, 173 (5th Cir. 1999).

Clinisoft argues Texas law, applicable by virtue of the Agreement's choice of law provision, precludes Millbrook from stating a valid quasi-contract claim because the parties' dispute is governed by a valid express contract. *See U.S. Quest, Ltd. v. Kimmons*, 228 F.3d 399, 406 (5th Cir. 2000); *see also Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988). Clinisoft argues the quasi-contract claim is based on precisely the same subject matter as that covered by the express agreement between the parties. Accordingly, Clinisoft argues it is entitled to judgment as a matter of law on Millbrook's quasi-contract claims.

As to the fraud claim, Clinisoft argues that the evidence failed to establish the materiality of the statements at issue, that the evidence of reliance was insufficient, and that the jury's verdict assessing no damages on the fraud claim precludes, as a matter of law, the satisfaction of the requisite injury element.

With respect to the denial of a motion for new trial, Clinisoft argues the district court abused its discretion because

the jury's verdict is the result of passion and prejudice, attributable to the court's presentation of overlapping claims, the quasi-contract and fraud claims, that prevented the jury from adequately distinguishing between two or more mutually exclusive theories of liability. *See Imperial Premium Fin., Inc. v. Khoury*, 129 F.3d 347, 354 (5th Cir. 1997).

After thorough review of the briefs, the oral arguments of the parties, and review of relevant portions of the record, we conclude the district court did not abuse its discretion in denying Clinisoft's motion for new trial. We AFFIRM the district court's denial of Clinisoft's motion for judgment as a matter of law on the quasi-contract claims and fraud claim and the district court's entry of judgment for Millbrook for essentially the reasons provided by the district court.

**AFFIRMED.**

6