# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2009

No. 08-10856
Summary Calendar

Charles R. Fulbruge III
Clerk

LEE PURSELLEY

Plaintiff - Appellant

v.

LOCKHEED MARTIN CORPORATION

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 4:07-CV-372

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lee Purselley appeals the district court's grant of summary judgment in favor of Lockheed Martin Corporation ("Lockheed"). Because no material fact issues remain, we find summary judgment proper and affirm.

Lockheed 's Weight Incentive Program ("WIP") offered monetary awards to spur employees' weight-reduction suggestions for the F-35 aircraft under development for the government. Purselley states in late 2003 or early 2004 he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

submitted his idea to eliminate a piece of equipment to reduce weight and cost and the company began studying how to implement the idea. Lockheed states that the idea immediately became its property because when he was hired, Purselley signed an agreement assigning any employee inventions to the company.

In April 2004, Lockheed planned Weight Stand Down Day ("WSDD"), a half-day project to focus on F-35 weight-savings ideas, and contemplated monetary awards for WSDD ideas implemented into the project. The company also considered awards with different scales of payment for two cost-savings components based on indirect weight savings—system development and design ("SDD") and unit recurring flyaway ("URF") components. Ultimately, Lockheed opted not to offer cost-savings awards. It notified participants, including Purselley, before WSDD began that cost-savings awards were "off the table." However, Purselley relies on preliminary documents posted before this decision, contemplating awards for SDD and URF cost-savings.[1]

During WSDD, Purselley resubmitted the earlier-submitted suggestion. Lockheed initially rated his WSDD suggestion as "not recommended." But Purselley still argued for a weight-savings award, and a year later he received $7500. In this suit, he initially sought hundreds of millions of dollars in a Texas state court on breach of contract and quantum meruit claims, arguing he also was due an SDD cost-savings award. He now claims Lockheed owes him an URF cost-savings award.

---

[1] An earlier version of a document posted in contemplation of awards for WSDD suggestions twice listed SDD costs, rather than one entry for SDD costs and one entry for URF costs. The typographical error was corrected on a later version of the list of potential awards, with entries for both SDD and URF cost savings. Both parties address the error in their briefs, but the error does not seem to be of consequence given the overall balance of facts supporting Lockheed's position that there was no offer of cost-savings awards. Lockheed further argues Purselley could not have expected payment for URF cost savings when URF was omitted from the earlier version of the possible awards.

Lockheed removed the action to federal district court. The district court granted Lockheed's motion for summary judgment. This appeal followed.

"We review a district court's grant of summary judgment *de novo*. Summary judgment is appropriate when the record indicates no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Cont'l Airlines, Inc. v. Air Line Pilots Ass'n Int'l*, 555 F.3d 399, 405 (5th Cir. 2009) (quoting *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n Int'l*, 343 F.3d 401, 405 (5th Cir. 2003)) (internal quotation marks omitted). Defeating a motion for summary judgment requires more than "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (internal quotation marks omitted). The parties agree Texas law controls this diversity case.

Purselley first argues there is a fact issue as to whether he gave consideration to support a unilateral contract. Specifically, Purselley asserts there was no requirement that WSDD suggestions be original and unique and that by his performance—expending time and effort to resubmit an idea—he accepted Lockheed's offer to compensate employees for ideas suggested during WSDD. Lockheed argues that providing already-disclosed information is past consideration and, thus, no consideration. Granting Lockheed's motion for summary judgment, the district court found "[t]o whatever extent [Purselley] claims a breach of contract," he gave no new consideration to Lockheed. Lockheed received nothing new from Purselley upon which it could act.

In Texas, "[c]onsideration is a present exchange bargained for in return for a promise." *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991). The formation of a unilateral contract in the employment context requires that "(1) the performance must be bargained-for so that it is not rendered past consideration . . . and (2) acceptance must be by performance"

(citations omitted). *Light v. Centel Cellular Co.*, 883 S.W.2d 642, 645 n.6 (Tex. 1994). *Light* dealt with an employee's covenant not to compete with an employer, an issue the Texas Supreme Court has revisited, emphasizing new consideration is required to support an employee's noncompete promise. *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651 (Tex. 2006). The court viewed such a covenant as a bilateral contract but agreed with *Light*'s recitation of basic contract law in footnote 6. *Id.* at 650. "'[P]ast consideration is not consideration.'" *Id.* at 659 (Jefferson, C.J., concurring).

We agree with the district court. No fact issue as to consideration remains. The evidence showed the company indeed was looking for new ideas, not ideas previously submitted.[2] While the company still sought ideas despite notifying WSDD participants it was forgoing cost-savings awards, Purselley's resubmission of the earlier suggestion was past consideration; the parties do not dispute that the company already owned the idea and had acted upon it when Purselley resubmitted it for WSDD. Therefore, the WSDD submission was not new consideration and was unable to support any new promise Lockheed made, as Purselley claims, to pay cost-savings awards under a unilateral contract.

Purselley next argues that fact issues exist as to whether Lockheed owes him damages in quantum meruit for Lockheed's unjust enrichment. He asserts that a jury should weigh an executive's e-mail lauding Purselley as the originator of the idea and should decide whether Purselley's WSDD suggestion fell within his ordinary job duties. Purselley admits he did not expect extra pay the first time he submitted the idea, but he argues the expectation arose because

---

[2] Lockheed refers to: (1) an announcement calling for "changes" to reduce weight; (2) an e-mail stating the company wished for no stone to be left unturned in seeking weight-reduction ideas; (3) Purselley's own acknowledgment that he was told to "come up with" ideas; and (4) instructions for submitting suggestions stating: "1. Come up with an idea. 2. Interrogate WIP database to see if idea is already submitted. 3. If idea is not yet submitted, fill out WIP form."

of the value of his idea to Lockheed and Lockheed's past awards for suggestions. Lockheed argues Purselley is not entitled to damages in quantum meruit because they are available only for services rendered under implied contracts. The company also contends two express contracts—the inventions agreement and at-will employment agreement—covered Purselley's suggestion, precluding quantum meruit. Rejecting Purselley's claim, the district court found Lockheed "did not experience any enrichment by reason of [Purselley's] WSDD submittal."

In Texas, quantum meruit "is founded [on] the principle of unjust enrichment." *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985). Unjust enrichment is an implied-contract theory stating one should make restitution when it would be unjust to retain benefits received. *Walker v. Cotter Properties, Inc.*, 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.). Unjust enrichment allows recovery "when one person has obtained a benefit by another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). In turn, quantum meruit allows for an equitable recovery "based upon the promise *implied by law* to pay for beneficial services rendered and knowingly accepted." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) (emphasis added) (internal quotation marks omitted). If a valid contract covers the services provided, the party generally cannot recover under a quantum meruit theory. *Id.*

Recovery requires that: "(1) valuable services and/or materials were furnished, (2) to the party sought to be charged, (3) which were accepted by the party sought to be charged, and (4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." *Heldenfels Bros.*, 832 S.W.2d at 41. The Texas Supreme Court has enumerated a few instances where damages in quantum meruit *might* be available for breach of an express contract. *Truly v. Austin*, 744 S.W.2d 934, 936–37 (Tex. 1988). These exceptions are: (1) where a plaintiff had partially

performed but the defendant's breach kept the plaintiff from completing performance; (2) when a plaintiff only partially performed a unilateral contract that imposed no legal obligations on the plaintiff and, thus, the plaintiff did not breach; and (3) when breaching plaintiffs "have been allowed to recover the reasonable value of services less any damages suffered by the defendant." *Id.*

We agree with the district court that Lockheed does not owe quantum meruit damages to Purselley. Purselley did not furnish Lockheed valuable services because his WSDD submission did not enrich Lockheed, which already owned the idea and had acted upon it. And because Lockheed did not end up offering WSDD cost-savings awards, it could not have had reasonable notice that Purselley expected to be paid. Purselley did not argue that Lockheed obtained his idea by fraud or duress or by taking undue advantage of him. Lastly, even if there was an express contract for WSDD cost-savings awards, none of the exceptions allowing recovery apply.

Finally, Purselley argues, for the first time on appeal, that Lockheed is quasi-estopped from denying him a cost-savings payment because employees are entitled to rely on Lockheed's long-standing extra payments for employees' ideas. However, "[a]rguments not raised in the district court are waived." *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir. 2005); *see also Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005) (stating this Circuit's "well settled" law limiting summary judgment review "to matters presented to the district court"). Because Purselley failed to make his quasi-estoppel argument adequately to the district court, he waived the issue and we do not reach it.

For the foregoing reasons, we AFFIRM the district court's order granting summary judgment.