**Affirmed and Memorandum Opinion filed November 10, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-01009-CV

---

**REBECCA DOXEY, Appellant**

**V.**

**CRC-EVANS PIPELINE INTERNATIONAL, INC. AND STANLEY BLACK & DECKER, INC., Appellees**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-39193**

---

## M E M O R A N D U M   O P I N I O N

In this employment dispute, appellant sued her former employer asserting claims for breach of contract, quantum meruit, and fraud. The claims arose out of the former employer's failure to pay an incentive bonus allegedly owed to the former employee. The trial court granted summary judgment as to the quantum-meruit claim and the fraud claim, leaving the contract claim for trial by jury. Asked whether the former employer failed to comply with the contract, the jury

answered "no." The trial court rendered judgment on the jury's verdict. On appeal, the former employee asserts charge error and claims that the trial court erred in granting summary judgment as to the quantum-meruit and the fraud claims. We affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Rebecca Doxey is a certified public accountant. She started working as an employee of appellee/defendant CRC-Evans Pipeline International, Inc. on October 20, 2008, as the director of CRC-Evans's tax department. She accepted a written offer of employment. Her employment contract consisted of an offer letter and attached documents describing a bonus plan for CRC-Evans's employees.

Doxey's base salary was $130,000, which was below the market rate. But, the bonus plan gave Doxey the potential to earn a significant incentive bonus based upon the profits of the corporation. Her incentive bonus could be as high as seventy-five percent of her base salary, raising what her total compensation could be to around $230,000. Though the purpose of the bonus was to incentivize key employees to deliver superior economic returns on the invested capital they controlled, bonuses under the plan were discretionary.[1] For two fiscal years, 2008 and 2009, CRC-Evans had record profits. During this time, CRC-Evans paid Doxey her salary and her maximum incentive bonus.[2]

---

[1] The bonus year followed CRC-Evans's fiscal year, which ran from April 1 through March 31 of the following year.

[2] Because Doxey was hired in October 2008, she was ineligible to participate in the incentive bonus plan for the year ending in March 2009; however, to make up for her ineligibility, CRC-Evans, in Doxey's employment contract, guaranteed her a payment of $52,000 in March 2009. This payment was not a discretionary bonus under the plan, but a guaranteed payment that was part of her contract. For the year ending in March 2010, CRC-Evans paid a full incentive bonus to all employees, including Doxey.

In June 2010, appellee/defendant Stanley Black & Decker, Inc. bought the stock of CRC-Evans for $451 million. Stanley became the sole shareholder of CRC-Evans. The purchase price was based in large part on CRC-Evans's record profits in fiscal years 2008 and 2009, as well as CRC-Evans's anticipated future profitability with the construction of the Keystone Pipeline.

After Stanley's purchase, CRC-Evans's business declined. The Keystone Pipeline project did not move forward. Additionally, operational issues and the loss of key customers contributed to a sharp decrease in CRC-Evans's volume of business. CRC-Evans missed its internal targets by wide margins. For the fiscal year ending March 2011, Doxey received an incentive bonus, but it was not the maximum amount. It was about ten percent less than the bonus she had received in each of the prior two years.

As CRC-Evans's financial performance deteriorated, Stanley executives began to replace CRC-Evans's leadership. In March 2012, after evaluating the financial results,[3] no one in the corporate group of CRC-Evans, including Doxey, received a bonus. As part of Stanley's reorganization of CRC-Evans, Stanley terminated Doxey's employment. Doxey brought this suit.

Doxey alleged breach of contract for not being paid a full incentive bonus in 2011 or any incentive bonus in 2012.[4] She also brought claims for quantum meruit and fraud. With respect to quantum meruit, Doxey claimed that in the event CRC-Evans is found not to have a contractual obligation to pay Doxey her bonus, she would be entitled to compensation for services she provided to Stanley that were in

---

[3] Between year-end 2009 and 2012, CRC-Evans's operating margin was reduced by half, with targets missed by two-thirds.

[4] Doxey claims for 2011, she was entitled to an incentive bonus of $100,425 and failed to receive $13,225 of that bonus. For 2012, Doxey maintains she was entitled to an incentive bonus of $103,425, and did not get paid any bonus at all.

excess of the work she originally agreed to perform for CRC-Evans. Doxey further asserted fraud by omission or non-disclosure. According to Doxey, the company misrepresented that she would receive an incentive bonus if she continued to work for the company and the financial criteria set forth in the bonus plan were met.

CRC-Evans and Stanley (collectively the "Stanley Parties") moved for summary judgment. The trial court granted summary judgment as to the quantum-meruit claim and the fraud claim. The parties then tried the breach-of-contract claim to a jury, which answered "no" in response to a question as to whether CRC-Evans failed to comply with the written contract. The trial court rendered judgment on the jury's verdict. Doxey timely filed this appeal, challenging the trial court's judgment in three appellate issues.

## II.    ISSUES AND ANALYSIS

### A.  Did Doxey preserve error in the trial court as to her first issue?

In her first issue, Doxey argues that the trial court erred by including an instruction in the jury charge that "because CRC[-Evans] was acquired by Stanley, actions taken by Stanley under the contract between Doxey and CRC[-Evans] (Exhibit 5) are the actions of CRC." Doxey complains that this instruction misstates the law because the contract gives the CRC-Evans board of directors — not Stanley's officers — discretion to change the incentive bonus plan and, under Texas law, the actions of a Stanley corporate officer cannot qualify as the actions of the board of directors. According to Doxey, the trial court's instruction is unsupported by the evidence, and the evidence supports a finding that neither CMC-Evans's board of directors nor Stanley's board of directors ever authorized the elimination of Doxey's incentive bonus.

4

The trial court added the disputed instruction to the jury charge during the charge conference. The only complaint that Doxey asserted to this instruction during the charge conference is the following:

> [Doxey's Counsel]: Your Honor, we — given that there was a change, we just want to preserve our — I'm not going to argue it, but we do object to the inclusion of the additional sentence regarding the acts of Stanley being the acts of CRC-Evans on the basis that the case law cited by defendants does not talk about situations that specifically identified actor under a contract and that — and so we do not think it applicable to these specific circumstances.
>
> THE COURT: Okay.
>
> [Doxey's Counsel]: We are objecting to the inclusion of that instruction, but I suspect the Court will overrule it.
>
> THE COURT: Yes. All right. Off the record.

Presuming for the sake of argument that Doxey obtained an adverse ruling on this objection, her objection was not sufficient to make the trial court aware of any of the complaints she now asserts on appeal under her first issue. *See* Tex. R. Civ. P. 274; *Vu v. Rosen*, No. 14-02-00809-CV, 2004 WL 612832, at *6 (Tex. App.— Houston [14th Dist.] Mar. 30, 2004, pet. denied) (concluding that appellant failed to preserve charge error as to appellate complaints because appellant's charge objections were insufficient to make the trial court aware of appellant's appellate complaints) (mem. op.). During the charge conference, Doxey did not voice any of the complaints regarding this instruction that she raises on appeal. Doxey thus failed to preserve error on these points. *See* Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 274; *Vu*, 2004 WL 612832, at *6. And, even if Doxey had preserved error as to these complaints, we still would not conclude that the trial court reversibly erred in submitting the challenged instruction to the jury. We overrule the first issue.

5

## B. Did Doxey adequately brief and preserve error as to her second issue?

In her second issue, Doxey asks whether "the trial court commit[ted] reversible error when it implicitly ruled that the contract at issue was unambiguous and bonus payments were subject to the complete discretion of the CRC[-Evans] Board of directors?" Under this issue, Doxey argues that the contract is ambiguous as to whether the contract allows CRC-Evans or Stanley to unilaterally eliminate an incentive bonus even if the company met the financial criteria set forth in the contract.

Even construing Doxey's appellate brief liberally, we cannot conclude that she adequately briefed any argument in support of these assertions. *See San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 337 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Therefore, we find briefing waiver. *See id.*; *see also Deutsch v. Hoover, Bax & Slovacek, L.L.P*, 97 S.W.3d 179, 198–99 (Tex. App.—Houston [14th Dist.] 2002, no. pet.). But, even in the absence of briefing waiver, Doxey could not prevail because the record does not reflect that she timely voiced in the trial court any of the appellate complaints that she asserts under her second issue. *See* Tex. R. App. P. 33.1(a); *In re A.V.*, 113 S.W.3d S.W.2d 355, 358 (Tex. 2003); *Bostow v. Bank of America*, No. 14-04-00256-CV, 2006 WL 89446, at *6–7 (Tex. App.—Houston [14th Dist.] Jan. 17, 2006, no pet.) (mem. op.). Doxey did not raise any of these complaints during the charge conference, nor did she request that the trial court submit a question to the jury regarding any allegedly ambiguous contract. Doxey did seek a new trial on the grounds that the contract was ambiguous; but, because Doxey did not raise this complaint during the charge conference and the trial court did not submit any ambiguity question to the jury, raising the ambiguity complaint in the motion for new trial was untimely and did not preserve error. *See* Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 272; *In re N.A.L.*,

6

No. 04-13-00159-CV, 2013 WL 4500633, at *4 (Tex. App.—San Antonio Aug. 21, 2013, no pet.) (mem. op.).

Additionally, to the extent Doxey asserts that the incentive bonus plan amounted to an illusory promise, Doxey never raised this argument in the trial court. Rather, all parties stipulated that Exhibit 5 constituted a binding contract, and Doxey never requested a jury question as to whether there was a binding contract between the parties. Hence, Doxey waived any complaint that the incentive bonus plan is illusory. *See* Tex. R. App. P. 33.1(a); *In re A.V.*, 113 S.W.3d S.W.2d at 358; *Bostow*, 2006 WL 89446, at *6–7. We overrule the second issue.

## C. Did the trial court err in granting summary judgment as to the quantum-meruit claim?

In her third issue, Doxey asserts that the trial court erred in granting summary judgment as to the quantum-meruit claim. According to Doxey, after Stanley took over CRC-Evans, she performed additional work that was outside of what was envisioned in her employment contract. Doxey maintains she was entitled to recover equitable compensation for the additional services. The trial court impliedly granted summary judgment as to the quantum-meruit claim on the ground that a valid contract governs the subject matter of the quantum-meruit claim.

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the

nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

Quantum meruit is an equitable theory of recovery based on an implied agreement to pay for benefits received. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Under Texas law, the general rule is that a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied through a quantum-meruit claim may do so only when there is no express contract covering those services or materials. *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988). Doxey has not asserted in her issues, nor has she presented this court with argument, that the facts of this case fall within one of the exceptions to the general rule the Supreme Court of Texas set forth in *Truly. See id.* (mentioning exceptions to general rule if (1) plaintiff partially performs an express contract but, because of defendant's breach, is prevented from completing the contract, (2) plaintiff partially performs an express contract that is unilateral in nature, or (3) plaintiff provides labor or materials under a construction contract and satisfies certain requirements).

On appeal, Doxey asserts the Stanley Parties' argument that the contract covers the services provided in her quantum-meruit claim is "specious" because

the Stanley Parties maintain that the incentive bonus is wholly discretionary. But, the Stanley Parties' contention that payment of the incentive bonus to Doxey was discretionary does not speak to the scope of the services covered by the contract, which is the basis of this summary-judgment ground. *See Truly*, 744 S.W.2d at 936; *Borrell v. Vital Weight Control, Inc.*, No. 14–07–00390–CV, 2009 WL 783342, at *3–4 (Tex. App.—Houston [14th Dist.] Mar. 26, 2009, no pet.).

Doxey also asserts that she worked extra hours in her job after Stanley bought CRC-Evans and did so based on the expectation of receiving the maximum incentive bonus. Doxey asserts that this extra work is not covered by the contract. But, a dispute between the parties as to whether additional compensation is due for services under a contract does not change the scope of the contract.

The summary-judgment evidence conclusively proves that the services for which Doxey seeks compensation are covered by an express contract, and thus Doxey's quantum-meruit claim fails as a matter of law. *See Borrell*, 2009 WL 783342, at *3–4; *Ramirez Co. v. Hous. Auth. of City of Houston*, 777 S.W.2d 167, 173 & n. 12 (Tex. App.—Houston [14th Dist.] 1989, no writ). The trial court did not err in granting summary judgment as to Doxey's quantum-meruit claim, and we overrule the third issue to the extent it addresses this claim.

## D. Did the trial court err in granting summary judgment as to the fraud claims?

In her third issue, Doxey also asserts that the trial court erred in granting summary judgment as to the following alleged fraud: (1) a claim based on material misrepresentations made to Doxey that she would receive an incentive bonus if she continued to work for the Stanley Parties and the financial criteria set forth in the contract were met; (2) a claim based on the Stanley Parties' failure to fulfill a promise to Doxey that she would be compensated appropriately and fairly in

9

exchange for continuing to work for the Stanley Parties; and (3) if it is true that the Stanley Parties were aware that Doxey would not be receiving an incentive bonus because of the company's poor financial performance, a claim based on a duty to reveal this information that arose when the Stanley Parties assured Doxey that she would be treated fairly and appropriately compensated in exchange for taking on new duties and responsibilities.

The trial court granted summary judgment without specifying the grounds upon which it relied, so, on appeal, Doxey must show that each independent summary-judgment ground asserted against Doxey's fraud claims does not provide a basis for affirming the trial court's summary judgment. *See Ramco Oil & Gas Ltd. v. Anglo-Dutch (Tenge) L.L.C.,* 207 S.W.3d 801, 826 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). The Stanley Parties asserted the following summary-judgment grounds against Doxey's fraud claims: (1) the "at-will employment doctrine" bars Doxey's fraud claims; (2) the alleged statements that Doxey would be treated fairly are too vague to constitute material representations; (3) there is no evidence that any representation was knowingly false when made; (4) to the extent Doxey asserts fraud claims based on non-disclosure, the Stanley Parties had no duty to disclose; and (5) to the extent Doxey asserts fraud claims based on failure to disclose to her that she would not receive an incentive bonus, there is no evidence that the Stanley Parties knew Doxey would not receive the bonus and failed to disclose this information to her.

In her appellant's brief, Doxey does not address the "at-will employment doctrine" or the Stanley Parties' argument that the alleged representations are too vague to constitute material representations. Doxey does not sufficiently brief the legal basis for the Stanley Parties' alleged duty to disclose, nor does she brief any evidence that arguably might raise a fact issue as to when the Stanley Parties knew

10

that Doxey would not receive an incentive bonus and failed to disclose this information to Doxey.

Even construing Doxey's appellate brief liberally, we cannot conclude that she has briefed arguments challenging each of the independent grounds on which the trial court granted summary judgment on the fraud claims. *See Navarro v. Grant Thornton, LLP,* 316 S.W.3d 715, 719–20 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Therefore, to the extent Doxey argues under the third issue that the trial court erred in granting summary judgment on her fraud claims, we overrule her challenge and affirm the trial court's summary judgment as to these claims. *See id.*

### III. CONCLUSION

Doxey has not preserved error in the trial court as to the alleged error she asserts regarding the breach-of-contract claim. The summary-judgment evidence conclusively proves that the services for which Doxey seeks compensation in her quantum-meruit claim are covered by an express contract, and thus the Stanley Parties were entitled to summary judgment on this claim. Doxey has not briefed arguments challenging each of the independent grounds on which the trial court granted summary judgment on the fraud claims, and therefore Doxey has not shown error in this ruling. Having overruled all of Doxey's appellate issues, we affirm the trial court's judgment.


/s/     Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Brown.